IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

Faith Williams,

Plaintiff,

v.

SHERIFF BRAD WHITEHEAD,

UNION COUNTY , FLORIDA,

JUDGE MITCHELL BISHOP,

JUDGE GEORGE WRIGHT,

STATE ATTORNEY BRUCE HELLING,

LIEUTENANT WILLIAM H. MILLER JR.,

SERGEANT JAMES JANKOWSKI,

CAPTAIN LYN WILLIAMS,

CAPTAIN TOMLINSON (BAILIFF),

PHILLIP SELLERS,

DAVID C. GLADDING,

SAMUEL A. MURPHY,

KELLIE HENDRICKS RHOADES, CPA,

LINDA L. JAMES (individual capacity only)

(All in official and individual capacities)

Defendants.

3:25-CV-904-MMH-MCR

Case No: _____ (to be assigned)


EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND

PRELIMINARY INJUNCTION


I. INTRODUCTION

Plaintiff, Faith Williams, proceeding pro se and in forma pauperis, submits this

Emergency Motion for a Temporary Restraining Order (TRO) and Preliminary

Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. This

motion seeks immediate federal intervention to halt all criminal court proceedings

in Union County Circuit Court (Case No. 63-2025-MM-0006), where Plaintiff is

being subjected to ongoing judicial retaliation, constitutional violations, and

escalating misconduct by both the sheriff and presiding judges, in violation of her federal rights.

Both Judge Mitchell Bishop and Judge George Wright are under investigation by the Florida Judicial Qualifications Commission (JQC), Docket No. 25-526, as a direct result of Plaintiff's complaints for judicial misconduct, forced jurisdiction, unlawful retaliation, and suppression of protected rights.

## II. FACTUAL BACKGROUND

1. On January 31, 2025, Plaintiff was unlawfully stopped and arrested by a Union County Sheriff deputy at the direct instruction of Sheriff Brad Whitehead. This occurred despite Plaintiff having provided verbal notice to the Sheriff 1.5 years earlier, in a conversation audio recorded on her cellphone, explicitly stating her religious-based intention to exercise her constitutionally protected right to travel. Her automobile was covered in bold constitutional language, federal statutes, Supreme Court case law, and signs reading "Not for Hire," "Not in Commerce," "Private Expressive Travel," "Honor Your Oath," and "Without Prejudice."

2. Plaintiff committed no commercial activity. She was not driving a motor vehicle, but rather traveling in a private automobile, as supported by federal definitions and Supreme Court precedent. Nonetheless, she was targeted because Sheriff Whitehead had instructed deputies to stop her anytime she was seen traveling on public roads.

During the evening of her arrest:

3. The Sheriff stole Plaintiff's iPhone, which he knew contained recorded evidence against him from the Plaintiff's prior recorded verbal notice to him, as well as other evidence unknown by the sheriff;

4. He then hijacked her iCloud account, changing the credentials and cutting off Plaintiff's access to all her digital records, personal data, and key evidence to her defense. Not only do I not have access to it, but the sheriff does;

5. He submitted a false and fabricated statement to the first appearance judge, George M. Wright, of Alachua County, falsely claiming that Plaintiff stated she was "leaving the state after bonding out." This lie was not included in any report,

was never spoken by Plaintiff, and was used to impose a punitive bond and extended confinement. Prior to this, 49 year old Plaintiff had never been arrested.

6. As a result of these malicious acts, Plaintiff was given a $10,000 bond, her first-ever arrest, with no criminal charges involving a victim, violence, or any valid traffic infraction. She had no prior history of arrest or failure to appear. This alone evidences a clear abuse of discretion and malicious intent.

7. Following this, Plaintiff attempted to lawfully challenge personal and subject matter jurisdiction, submit affidavits and motions, and raise constitutional and religious defenses. In retaliation:

• Her pro se filings were stricken without cause;

• Her right to self-representation was revoked, despite invoking her Faretta rights multiple times;

• A public defender was forced on her in writing, twice, against her will;

8. The presiding judge, Mitchell Bishop, has refused to answer direct questions about jurisdiction, probable cause, and has threatened her on the record with an even harsher sentence if she continues to assert her rights or resist the court's attempts to impose unlawful counsel or rulings.

9. The charges themselves are entirely unconstitutional. There are no victims. The traffic stop and arrest was without probable cause. The punishment being pursued—over two years in jail for a peaceful religious traveler exercising constitutional rights—is not only excessive, it is fatal. Plaintiff suffers from Non-Hodgkin's Lymphoma and has an implanted port-a-cath that requires sterile conditions, proper nutrition, constant monitoring, and immediate access to emergency care. The concoction of violence, unsanitary conditions, poor nutrition, neglect, and the lack of adequate medical oversight in a high-stress jail environment, especially with an implanted medical device, presents a severe and imminent risk of fatality from the very first day of incarceration. Any conviction under these fabricated and retaliatory charges would be equivalent to a death sentence.

10. Every attempt by Plaintiff to assert her protected rights has resulted in immediate escalation and deeper suppression. Her verbal courtroom defense was

twice silenced. Her filings have been ignored or denied. Her access to justice has been revoked. Her digital property has been stolen, known evidence was manipulated, and never returned. The JQC has opened investigations into both judges and with their knowing, yet retaliation continues.

11. This Court is absolutely going to force this fraudulent judgement on the Plaintiff regardless of what she says or does. They have clearly and without skipping a beat demonstrated that. This Temporary Restraining Order is incredibly vital for putting a halt to this malicious and continuous retalliation, harassment, threats, and gang-stalking misconduct coming from elected/appointed trusted government officials on a law abiding, private American.

## III. GROUNDS FOR EMERGENCY INJUNCTION

1. Ongoing Judicial Retaliation:

Plaintiff is being actively retaliated against for exercising her constitutional and religious rights. The stripping of her right to self-representation, suppression of her lawful filings, and imposition of unwanted counsel are direct consequences of her asserting protected rights, particularly the right to defend herself. The court is now attempting to coerce Plaintiff into accepting a plea deal of guilt, not in the interest

of justice, but to block her from pursuing a civil rights lawsuit and to eliminate any path to appeal.

2. False Arrest and Malicious Prosecution:

The charges lack any lawful basis, arising from an unwarranted traffic stop with no probable cause, no commercial activity (as states can only regulate commerce), and no violation of traffic code by Plaintiff as a private traveler. False and fabricated statements were exchanged between the Sheriff and the judge to unlawfully extend her detention.

3. Unlawful Interference with Evidence:

The Sheriff stole Plaintiff's phone, hijacked her iCloud account, and destroyed known evidence essential to her defense. Neither the phone nor the iCloud account has ever been returned, and all questions regarding their whereabouts and contents have been ignored.

4. Life-Threatening Harm:

Plaintiff suffers from Non-Hodgkin's Lymphoma and has an implanted port-a-cath requiring constant medical oversight, sterile conditions, and emergency access. Incarceration under these unconstitutional and retaliatory charges, even briefly,

would expose her to unsanitary and violent conditions, poor nutrition, and lack of proper care, posing a direct risk of death. This case is not about justice, it is about silencing and punishing a peaceful religious traveler for asserting her constitutional rights.

5. Violation of Fundamental Rights:

The First, Fourth, Sixth, Eighth, Ninth, and Fourteenth Amendments are being violated. Plaintiff's religious freedom, freedom from unlawful search and seizure, due process, free speech, right to travel, freedom from excessive punishment, and the right to self-representation have all been trampled. Her access to the courts has been obstructed at every stage, and each assertion of a protected right has been met with retaliation and suppression.

IV. RELIEF REQUESTED

Plaintiff respectfully requests the following emergency relief:

1. A Temporary Restraining Order halting all pretrial and trial proceedings in Union County Circuit Court (Case No. 63-2025-MM-0006), effective immediately;

2. A Preliminary Injunction preventing any further hearings or trial until the federal claims in this case are resolved;

3. Revocation and termination of the unlawful bond contract/agreement made by Judge George Wright, and based upon a malicious lie from the Sheriff that caused Plaintiff, who has never been to jail prior, to have a $10,000 bond amount, flagged as a flight risk, and intended for a lengthier stay in custody. This bond agreement is between the Plaintiff and Defendant, Linda James, and if a no contact order is in effect, Weekly check-ins, as part of the unlawful contract, will be in violation of any no contact order that may be implemented.

3. A protective order barring all forms of retaliation by the Sheriff, the prosecutor, and the presiding judges, and all others listed as defendants, including threats, retaliation, false testimony, unlawful pretrial order to not "drive" until case is resolved, or further escalated punishment;

4. Defendant is, however, concerned about when the TRO is in effect, that it may affect neighbors and prevent them from getting emergency help from the Sheriff's Department, as well as, Plaintiff's ability to access local government services, such as, Ambulance, Fire Department, Library, Clerk of Courts, etc..

5. Any additional relief this Court deems necessary and just to prevent further irreparable harm.

## V. MEMORANDUM OF LAW

Under Rule 65, a TRO or preliminary injunction is warranted when the movant shows:

• A strong likelihood of success on the merits,

• A substantial risk of irreparable harm,

• That the balance of equities favors the movant, and

• That an injunction serves the public interest.

 Plaintiff's well-documented case satisfies all four:

• The record shows clear constitutional violations and malicious intent;

• The irreparable harm includes loss of liberty, potential loss of life, and further deprivation of protected rights;

• The burden to Defendants is minimal, while Plaintiff's risk is life-altering;

• The public interest is served by preventing unlawful convictions and protecting constitutional freedoms.

Respectfully submitted,

Casey Faith Williams

530 SW 1st St.

Lake Butler, FL 32054

Tat2L80.fw@gmail.com

Jesus.junkie4life@yahoo.com


Dated: August 7, 2025


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Emergency Motion was served

via certified mail, upon all Defendants and relevant parties on this 11th day of

August, 2025.

X _____

/s/ Casey Faith Williams UCC 1-308, All Rights Reserved