# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### JACKSONVILLE DIVISION

**CASEY FAITH WILLIAMS,**

Plaintiff,

V.                                              Case No.: 3:25-CV-904-MMH-MCR

**SHERIFF BRAD WHITEHEAD,**

**JUDGE MITCHELL D. BISHOP, et al.,**

Defendants.

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND MOTION TO RULE EXPEDIENTLY AND EXPEDITE SCREENING**

COMES NOW, Plaintiff **Casey Faith Williams**, pro se and in forma pauperis, and pursuant to **Fed. R. Civ. P. 65(b)** and **Rule 65(a)** respectfully moves this Court for an **Emergency Temporary Restraining Order (TRO), Preliminary Injunction, and for the Court to Rule Expediently and Expedite Screening** to immediately halt enforcement of an unconstitutional gag order issued orally on **August 12, 2025**, by Union County Circuit Judge Mitchell Bishop, which prohibits Plaintiff from posting or maintaining lawfully obtained public hearing videos on social media. In support thereof, Plaintiff states as follows:

## I. BACKGROUND

1. On **August 12, 2025**, during proceedings in **Union County case no. 63-2025-MM-0006**, Judge Mitchell Bishop, **on his own initiative and without any request or motion from the prosecution**, issued an oral gag order directing Plaintiff to remove and refrain from posting videos of public hearings lawfully obtained from the Clerk of Court and/or court website (circuit8.org).

2. This order was **not tied to any pending issue raised by the prosecution** and was created solely by the court. By doing so, Judge Bishop invented a new avenue to arrest Plaintiff where none lawfully existed before. As a result, Plaintiff now faces the threat of **wrongful arrest regardless of whether she appears for court or not**.

3. The stated excuse for this order was "protecting the public's privacy," but this is a false pretense. The real reason is clear: Plaintiff's videos, already posted online, have drawn widespread scrutiny of Judge Bishop's actions in the courtroom. If the judge were not committing misconduct and crimes in open court, there would be no need for such exposure, and no grounds for attempting to silence Plaintiff.

4. This unlawful gag order serves no legitimate purpose. Instead, it directly retaliates against Plaintiff for exercising her constitutional right to **expose corruption and educate others how to lawfully resist it**.

**II. LEGAL STANDARD**

2

5. A TRO and Preliminary Injunction are warranted where the movant shows:

(a) A substantial likelihood of success on the merits;

(b) Irreparable harm absent relief;

(c) The balance of equities favors the movant; and

(d) The injunction serves the public interest. *Winter v. NRDC, 555 U.S. 7 (2008).*

## III. ARGUMENT

### A. Substantial Likelihood of Success

6. The gag order is a classic unconstitutional **prior restraint** barred by the First Amendment. *Near v. Minnesota, 283 U.S. 697 (1931); Nebraska Press Ass'n v. Stuart, 427 U.S. 539 (1976).*

7. Public court hearings are matters of public record. Plaintiff's speech involves criticism of public officials for misconduct and corruption, which receives the **highest constitutional protection.**

### B. Irreparable Harm

8. The gag order creates a **new, fabricated basis for arrest**, guaranteeing Plaintiff will be unlawfully arrested whether she attends court or not. This is an attempt to silence Petitioner from exercising her First Amendment right to expose the crimes committed by the judge in the courtroom. This chilling effect on speech and liberty constitutes **irreparable injury per se**. *Elrod v. Burns, 427 U.S. 347, 373 (1976).*

3

## C. Balance of Equities

9. Defendants suffer no lawful harm from transparency or accountability, while Plaintiff faces retaliatory arrest and loss of her First Amendment rights. The balance overwhelmingly favors Plaintiff.

## D. Public Interest

10. The public interest is served by exposing misconduct in public courts, not concealing it. Shielding unlawful acts from scrutiny under the guise of "public privacy" undermines the Constitution and erodes confidence in the justice system.

## IV. NEED FOR EXPEDITED RULING AND SCREENING

11. Plaintiff has already filed a pending **Emergency Motion for TRO and Preliminary Injunction** on **August 8, 2025**, which remains awaiting screening under **28 U.S.C. § 1915(e)**.

12. Because the gag order of **August 12, 2025** creates an immediate and unlawful avenue for Plaintiff's arrest whether she appears for court or not, any delay in ruling creates **irreparable and imminent harm**.

4

13. Plaintiff therefore respectfully requests that this Court **expedite the screening process** and issue an immediate ruling on both the pending TRO of August 8, 2025, and the present motion.

14. Without expedited consideration, Plaintiff faces **wrongful incarceration, suppression of constitutional rights, and retaliation**, all of which demand urgent federal intervention.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court to:

15. **Immediately issue a Temporary Restraining Order** prohibiting Judge Bishop, the Union County Circuit Court, Sheriff Brad Whitehead, and all state actors from enforcing or acting upon the gag order of August 12, 2025.

16. **Issue a Preliminary Injunction** after hearing, enjoining Defendants from restricting Plaintiff's right to publish, post, or share public hearing videos lawfully obtained.

5

17. **Rule expediently on both this Motion and Plaintiff's pending TRO of August 8, 2025**, to prevent imminent unlawful arrest, retaliation, and ongoing deprivation of constitutional rights.

18. **Expedite screening of both filings** under 28 U.S.C. § 1915(e) to ensure Plaintiff's requests for immediate injunctive relief are reviewed and ruled upon without delay, as every day of enforcement magnifies irreparable harm.

19. Grant such further relief as this Court deems just and proper.

## VI. ATTACHMENTS

Attached is a written transcript of the August 12, 2025 pretrial hearing. Because obtaining the official certified transcript requires more than 30 days, Petitioner submits the unedited YouTube-generated transcript as an alternative for purposes of this immediate emergency request.

## VI. DECLARATION VERIFICATION

6

I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing facts and the unedited written transcript are true and correct.

Executed this 20th day of August, 2025.

/s/ Casey Faith Williams *(Digital Signature)*

Casey Faith Williams, All Rights Reserved

Respectfully submitted,

_____ *(sign if printed)*

/s/ Casey Faith Williams *(Digital Signature)*

Sui Juris Pro Per Petitioner

530 SW 1st St.

Lake Butler, FL 32054

352-538-8581

Tat2L80.fw@gmail.com

Jesus.junkie4life@yahoo.com

Dated: August 21, 2025

7

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Petition for Writ of

Prohibition has been furnished by hand delivery to the following:

• Bruce Helling, State Attorney

• Mitchell D. Bishop, Respondent Judge


on this 20th day of August, 2025.


<u>/s/ Casey Faith Williams</u> *(Digital Signature)*

Casey Faith Williams

Sui Juris Pro per, Petitioner

530 Sw 1st St.

Lake Butler, Florida 32054

Tat2L80.fw@gmail.com

Jesus.junkie4life@yahoo.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8