ATTACHMENT: Unedited YouTube-generated transcript:

0:000:00
Faith Williams 2025 NM6.
0:06
Is that me?
0:08
Casey Faith Williams. Yes, ma'am.
0:11
Sorry, I didn't hear.
0:18
Miss Williams, before we address
0:20
anything with regard to your case, um
0:24
I can't hear you.
0:26
The only thing I can do is I I I don't I
0:29
I'm not going to shout. Okay.
0:31
I'm not asking you to shout. I'm just
0:33
speak up a little. I couldn't hear
0:34
anything back there at all.
0:36
All right. I'll do my best to
0:38
accommodate you. All right. We we've
0:39
we've offered numerous times to give you
0:42
the hearing.
0:42

Something that's not replaced in my ear.

0:45

Okay.

0:46

That you're not accommodating a

0:48

handicapped person in this room.

0:50

You can speak up a little bit because

0:52

you have the rest of the times.

0:54

Okay. Thank Thank you for Thank you for

0:56

so politely telling me how to do my job,

0:58

Miss Williams. I'm just appreciate that.

1:00

I mean, wonderful. I can't hear. If if

1:02

you want a successful hearing, okay,

1:05

you need to be able to let me hear it.

1:06

All right.

1:08

I need you to listen and don't interrupt

1:12

me for a few minutes because I have some

1:13

very important things that I need to go

1:15

over with you about some of your conduct

1:17

in court. Okay.

1:18

What conduct?

10

Listen and don't interrupt. Do you understand?

Okay.

You have exercised your right under chapter 119 of Florida statutes three different times to uh obtain uh uh public records of this court proceeding.

You did that on May 13, 2025. You did that on June 6th, 2025, and you did that on July 15, 2025.

Each time each time that you made that request um in the process of making that request, you would have been required to go on the circuit's website and read the notices on that website um about prohibitions of dissemination or publication of that information that you receive.

11

When you received

the uh recordings, it appears that you

received them pretty promptly after the

request. They were sent to you

electronically by the court reporting

services here in the circuit. Yeah,

there's a very large banner circled in

red um highlighted or bolded, excuse me,

that um

that says dissemination of this

recording to uh to any other person is

strictly prohibited except as prohibited

permitted by law uh rule or court order.

In that process, we are enforcing in

this circuit Florida Supreme Court

administrative order AOS or SC122

that requires that any audio or video

recording that is released to a nonparty

shall be redacted um of any confidential

12

material. Uh and this court um through its process of you requesting that information has instructed you uh I have not verbally instructed you. I'm about to do that now. Um but through your process of requesting uh these public records um through through our channels here through through our uh online service um you were instructed through those notices that you were not permitted to disseminate that information. Okay. And when you receive that information, you not yet. You were told that you cannot uh publicize that information. You're entitled to have the records of this court proceeding. You as a party, you and your attorney are entitled to

13

have those records. What you're not

entitled to do is to publicize

unredacted portions uh of of that

proceeding or any portion of that

proceeding without the permission of the

court. And there are some good reasons.

They were redacted.

How were they were redacted? Explain

that.

Because I've checked the one that

doesn't come with the Hush order.

So, in ordering them that way, I did not

order. They They gave me whatever they

give me. It does not say anywhere on

that website.

You cannot post them publicly. They all

knew I was doing it when I ordered it. I

told her on the phone. She said, "That's

fine." Nothing was told to me about

14

that. There's no big sign that says you

cannot. There's two options. There's a

redacted and nonredacted. The one comes

with a hush order. I didn't order that.

All right. I am instructing you right

now that uh after you have posted

subsequent to each of those hearings,

the May 13th hearing, you were in front

of Judge Wright and on June 10th and

June 15th, you were in front of me and

you published on some type of social

media the entire recording

and the entire recording that shows

everyone else sitting in this courtroom.

I presume that you may walk out of the

courtroom and go request this hearing as

well. You're entitled to have that

record. You're allowed to have

15

I'm also entitled to post it publicly,

too. It's public forum.

This is public.

I am going to instruct that you are not

permitted to post anything.

That's an unconstitutional.

All right.

That's an unconstitutional ruling and I

do not consent. I object.

You don't get to you don't get to decide

whether you consent. I get to control.

You don't get to violate my rights.

I get to control this portion of the

court. don't get to violate my rights.

Are you going to listen to me or am I

going to have to have you escorted out?

Are you going to listen?

Say what you going to say.

All right. Your attitude does not help

16

5:52
you at all.

5:52
That's fine.

5:53
My attitude is not My behavior has not

5:55
been terrible. You just don't like that

5:58
I'm not submitting to a public defender

6:01
to plea out. And you don't like that I'm

6:03
defending myself. And that's why you've

6:06
gaslighting

6:07
the situation to make it out to be that

6:10
I'm have a behavioral issue. I've not

6:12
once called anybody any names, screamed,

6:16
or even was all over the place in here.

6:18
So tell me how my behavior was

6:22
disruptive last month.

6:23
All right.

6:24
I could not hear. I speak loud because I

6:27
can't I'm deaf. I'm deaf.

6:28
You don't. So I speak loud. You won't

6:30

17

stop interrupting me or anyone else

who's ever tried to speak during this

proceeding.

I was told

you right there. I'm I haven't finished

talking and you jump in. You can't wait.

You You don't have any patience to be

able to just wait and let somebody

finish what they're going to say. You

can't do it right now.

I can barely hear you.

You cannot resist it, can you?

What's the purpose of me even being in

here if I can't hear you?

I give you ample opportunity to speak,

but you don't. You drive.

No, you don't. Silence me every time I

open my mouth. Okay,

Miss Williams,

18

I'm instructing you that you cannot publish anything on a social media account going forward of any of the court proceedings that you receive from this court from this from the public records process of

That's unconstitutional. Let me finish what I'm saying to you.

You can object to it. That's fine. You have the right to object and and I'll give you that opportunity. But let me finish what I'm saying. Right? You cannot publish anything on a social media account. Okay? Uh you cannot publish anything on any type of public website or YouTube channel or whatever brand of public dissemination. You can

19

have the access to the record for yourself for your own edification for court proceedings. You can't publish the record. We do court here, not just for you, but for other people. Other people in this courtroom don't want their faces or information potentially about their cases or maybe even the fact that they're sitting here in this courtroom all over social media. They're not required to have to submit to that. They're not making public records requests. You are.

They're in a public place. You have the right You have the right to say object. Object.

Listen to what I'm saying. You have the first amendment right to say most anything that you might want to say

20

8:37

about me and how you disagree with my

8:40

procedure.

8:40

You have the first amendment right to

8:41

post my sayings online publicly. These

8:45

people are here under threat, duress,

8:47

and coercion.

8:48

This is a public forum.

8:51

So yeah, I have a right to. So, I'm not

8:54

going to

8:54

all right

8:55

follow that unconstitutional order as I

8:58

have a right to not.

8:59

All right. Under Florida rule of general

9:01

practice and judicial administration uh

9:03

rule 2.450 and rule 2.451,

9:07

I am exercising the discretion to order

9:10

you to not publish any public record,

9:13

video or audio that you receive uh in

9:16

the process of requesting it from these
9:17
court proceedings.
9:20
You can go on social media and say
9:21
whatever you want to say about me.
9:23
I can't do that.
9:23
I'm ordering you. If you fail
9:25
I'm sorry. That's an unconstitutional
9:26
order. You cannot make it lawyer.
9:28
Stop interrupting me. If you fail to
9:30
comply with that order and if you fail
9:33
to take down the social media post that
9:35
you've already made of this court
9:37
proceeding that again,
9:38
I'm not going to do that either.
9:39
Stop interrupting me. That again shows
9:41
all sorts of other people in the
9:43
courtroom.
9:45
If you fail to take those down, then I
9:47
will issue an order to show cause why

you shouldn't be held in contempt of

court. So, I've issued that order. I

will also issue that order in writing,

and you and your attorney will be

furnished a copy of it. All right. Do

you have anything you want to say in

response to?

I'm not going to do it.

Your object objection is noted for the

record. You're telling me that you're

not going to do it. If it's determined

at your next court proceeding that you

haven't complied with this court's order

that I will uh initiate contempt

proceedings against you. Okay.

When are you going to do that?

At our next court proceeding. I'm going

to give you the chance to comply with

23

the order. I'm going to give you the

opportunity to comply with it.

Even though you're telling Even though

you're telling me Even though that that

you're telling me that you're not going

to do it.

Can you tell me why this is my fourth

pre-trial hearing and why I keep having

to come back here? I'm not getting a

trial at all. I just keep coming back

for pre-trials.

We were We were ready to try your case.

I was going to let you. I was going to

let you.

But my behavior

But see, you cannot stop interrupting.

You You're incapable of doing it. I

don't know if it's an impulse control

disorder or something, but you you you

24

10:53 are incapable of just listening for a

10:55 moment. Did you see how I finished

10:56 talking a minute ago and stopped and

10:58 said, "Now, would you like to say

11:00 something?" It was a polite exchange

11:02 like that. That's all I'm asking.

11:03 And then when I started talking, you

11:05 overtalked me. So yeah,

11:06 you still can't do it. You You can't

11:09 You paused. So at what point? So I'm

11:11 just supposed to wait until you say you

11:13 can talk now.

11:14 That's exactly right.

11:15 All right then.

11:15 That's exactly right. All right. We have

11:18 attempted to take your case to trial.

11:21 You you you have no obligation to accept

11:23 the state's plea offer. I don't care

11:24

25

whether you do or don't. It's up to you to decide whether you want to do that. You were the only person that could decide whether you want to plead guilty or no contest, whether you want to plead not guilty and take the case to trial. And you're entitled to a trial. In the process of trying to get your case to trial, you said you wanted to represent yourself. We attempted to go through that process. Judge Wright attempted to go through that process and I attempted to go through that process and you and you would not listen to the questions for us to make a determination as to whether or not you're allowed you're going to be allowed to represent yourself. and you have demonstrated such interrupting type of conduct,

26

right,

that I don't trust that you will sit

through the trial and let the state

present its case without you not

formally objecting but just interrupting

and causing a disruption of the entire

process and a mockery of the court

process.

I'm sure.

Okay. And again, this the sarcasm and

and smartmouth remarks back to the

court. Uh

I'm being forced to be here. I'm not

supposed to be happy and excited, am I?

So that's why I don't expect you to be

happy and excited. That's why I've

required you to have an attorney.

I'm glad you have one.

27

You're right. You don't. But but you

have to answer some questions from me

first for me to make a determination

that you're

I'm confident. I'm very confident.

I have to ask you some questions first

to make that determination.

You have to have evidence to prove that

I'm not competent to represent myself.

Do you have my hospital papers that say

that I'm

whatever?

All right. I'm I'm I'm going to resist

the temptation to respond to that. All

right.

Do you

Okay, Miss Williams, if you think you

want to represent yourself, I will

gladly give you the opportunity to do

that, but you have to go through the

questions for me.

No,

you have to answer my questions.

You have to accept this jurisdiction

challenge before you can proceed to

that. And you've done nothing but

silenced it, overtalked it, and you're

doing it now. You just you're just

shutting me up, not allowing me to

speak. And when I do speak, you call it

nonsense. You're trying to step on my

First Amendment right to access that and

post it publicly. It is in a public

forum. I'm not going to comply with

that. I'm not going to take down what I

already posted because you can't silence

me like that to the public.

29

You can't do it not lawfully. Is this

would this happen to be because you were

just served a civil rights lawsuit

yesterday?

Has nothing to do with that. It has to

do with the integrity of the court

process and how you either use or misuse

or abuse.

I didn't misuse anything.

You still can't do it. I'm still

talking. I hadn't finished the sentence

of how you either use or misuse your

access to the public records of your

court case.

I didn't misuse anything.

Okay. at all.

All right. You've heard my instruction.

I've heard your objection. It's been

noted. I'm aware of all the various

30

things that you filed in in several

different appellate courts, whether this

the First District Court of Appeal, the

Florida Supreme Court, the United States

Supreme Court, or the US District Court

in Jacksonville.

Let those proceedings play out as they

may. Several of them have been dismissed

as lacking any sense of merit

whatsoever.

Okay. So, no, it has nothing to do with

I I received the very lengthy filing

that you have filed against myself and

the sheriff's office and other officials

here uh in in this county. Um, so it has

nothing to do with any of that. You're

entitled to file those things whether

that court has any uh inclination to uh

to consider any of that. Uh we will let

that court do its job and not obstruct

that process.

It can make it decision.

Can I ask them?

You may ask your questions. Go ahead.

Have you taken an oath of office to

uphold the US Constitution?

Many times. I I'm going to answer that

more thoroughly. I'm going to answer

that very very clearly because

the first time I took an oath to support

and defend the Constitution, I was 22

years old when I was sworn in as a

second lieutenant in the United States

Marine Corps. The next time I took an

oath to support and defend the

Constitution and the laws of the state

of Florida was when I was sworn as an

32

assistant state attorney in the seventh

judicial circuit of Florida. And then

the most recent time I swore an oath was

when I swore to support and defend and

protect the Constitution and the laws of

the United States and the state of

Florida to serve in this court. So yes,

I've taken an oath many times bound by

that oath.

And I've reaffirmed that oath, my

military oath

every time that I've been promoted.

Are you bound by that oath in every

ruling in this case?

Absolutely.

All right. Even the one that you just

stopped me from doing?

Absolutely.

33

Right.

All right. So, uh, does your oath

require you to uphold the rights of the

people before enforcing statutes?

Yes.

All right. Then, if a statute conflicts

with the constitutional right, your duty

is to uphold the right. Correct.

If a statute conflicts with a

constitutional right, you it's your duty

to uphold the right. Correct. I I have

an obligation to ensure that the statute

does not conflict with the Constitution.

There are higher courts that can

determine whether my legal decisions

about that are right or wrong.

It's based on fact, not your opinion,

just for the record. Do you have an uh

that oath on file and can you produce it

34

for the record?

I'm not going to entertain giving you a

copy of the file. You can seek you can

seek the process. You are you know how

to do public records requests. Would you

be willing to

I'm answering your question. Stop

talking.

I I'm entertaining this circus that you

are

It's just a yes or no answer that you

are engaging in right now. It's just a

yes or no.

Stop arguing with me.

You obviously know how to in uh initiate

a a public records request under chapter

119. You can seek out whatever records

that you need to seek out um from the

35

Florida Bar or the Judicial Qualifications Commission or the Florida Supreme Court um or the ETH judicial circuit to determine whether or not you can have a copy of my uh oath of office. Certainly, you may go about doing that. Are you willing to go for hand it to you? Are you ready? Are you willing to state your oath on the record? I am not going to entertain this process anymore. I let the record show that the judge refused All right. Honor is it? I I am I'm done with this little charade. Okay, Mr. Salter, you're still appointed to this case?

36

Yes, sir. Your honor, I have not had any

contact with Miss Williams since you

appointed me a couple court dates ago.

I'm asking for a continuance of the

September docket.

Okay. I assume you don't want his

services.

No, I don't. I weighed that long ago.

Are you going to go through the

questions with me here today in order

for me to determine whether or not? No,

because you don't have a jur you don't

have jurisdiction to do that.

Okay.

You're you're going to you're going to

be either brought to trial or enter a

plea one way or another.

Go ahead and say the trial.

37

Okay.

All right.

Uh jury trial.

All right. You won't go through the

Fetta inquiry. I'm making a note of that

record here today. You will not go

through the FA inquiry with me. It's

required that I go through the Fetta

inquiry. Yes. The Constitution and the

laws of Florida require me to go through

that.

No, don't.

Okay. All right.

You were still represented by Mr.

Salter. We'll set this case for trial

next month. It'll be a jury trial in

September. We will have jury selection

on September 2nd. That is a Tuesday.

This was your trial status conference

38

and your pre-trial conference.

What date is that?

That's a Tuesday. You need to be here.

What date?

September the 2nd.

It's a Tuesday.

It's kind of soon. Is that Is there

anything you can do a little later?

You've been asking for a trial for

months, ma'am.

That's just It's not a month away.

There's I need at least a month. Can you

at least a month?

Your honor, I'm asking for the

continuence to the September document.

I'll give to when?

To Separy.

I'll give you a trial status conference

39

on Mr. Sals. You do still represent her.

So, for your purposes, I'll give you a

trial status on September 9th, and then

jury selection will be October 6th.

Okay? Sign your notice to appear.

Remember what the court ordered and

you'll receive a copy of the written

order.

40