# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

### JACKSONVILLE DIVISION

**Casey Faith Williams,**

Plaintiff,

v.

**Sheriff Brad Whitehead, et al.,**

Defendants.

Case No. **3:25-cv-904-MMH-MCR**

# RENEWED EMERGENCY MOTION FOR

# TEMPORARY RESTRAINING ORDER

### AND PRELIMINARY INJUNCTION

*(Filed Pursuant to Fed. R. Civ. P. 65(b)(1) – Without Notice Due to Immediate Danger)*

COMES NOW, the Plaintiff, **Casey Faith Williams**, proceeding *pro se* and having paid the full filing fee in this matter, and respectfully files this **Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction**, pursuant to **Rule 65 of the Federal Rules of Civil Procedure**, to immediately restrain further constitutional violations, retaliation, and threats of harm.

This renewed motion is filed in direct connection with the **Amended Complaint filed October 14, 2025**, and supersedes all previous emergency motions that were denied as moot.

## I. INTRODUCTION

Plaintiff seeks an immediate federal restraining order to halt ongoing judicial retaliation, unlawful state actions, and constitutional violations being carried out by Sheriff **Brad Whitehead**, Judge **Mitchell Bishop**, Judge **George Wright**, and others acting under color of state law in Union County, Florida.

Plaintiff invokes **Rule 65(b)(1)(A)–(B)**, which authorizes a Temporary Restraining Order to be issued **without notice to the adverse parties** when specific facts show that immediate and irreparable injury will result before notice can be given.

## II. GROUNDS FOR EMERGENCY RELIEF

1. Plaintiff has been subjected to a continuous pattern of retaliation and constitutional deprivations, including unlawful warrants and arrest, suppression of speech, and judicial coercion designed to silence Plaintiff's public exposure of courtroom misconduct.

2. On **August 12, 2025**, Judge Mitchell Bishop issued an oral gag order directing Plaintiff to remove publicly posted hearing videos and prohibiting any future postings. Judge Bishop claimed the order was based on concerns regarding the disclosure of the public's private information and physical appearance online, and accused Plaintiff of posting sensitive material. In reality, the judge's motive was to **suppress growing public scrutiny stemming from the viral videos** that exposed his unlawful conduct in the courtroom.

3. On **September 11, 2025**, Plaintiff was **unlawfully arrested** for failure to appear at the **September 9th** hearing that **was orchestrated solely to arrest her** for refusing to comply with that unconstitutional gag order.

4. The next court date was scheduled for **October 6, 2025**. The Plaintiff did not attend in order to **avoid another unlawful arrest** and detention without bond, and **is presently in hiding to prevent further unlawful arrest.**

5. Plaintiff remains under **ongoing threat of re-arrest, unlawful confinement, and physical danger** from defendants and their associates due to continuing retaliation.

6. Providing advance notice or service to these defendants would **increase the risk of immediate harm** to Plaintiff by prompting retaliatory action before the Court can intervene.

**III. RULE 65(b)(1) BASIS FOR EXEMPTION FROM NOTICE**

4

7. **Federal Rule of Civil Procedure 65(b)(1)(A)** provides that a temporary restraining order may be issued without written or oral notice to the adverse party when:

"Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

8. **Rule 65(b)(1)(B)** further authorizes such relief when the movant certifies in writing the reasons why notice should not be required.

9. Plaintiff hereby certifies that providing notice or service to the defendants would expose her to immediate risk of **further unlawful detention, physical harm, property interference, and retaliatory conduct**, and therefore, service should be deferred until after this Court issues protective orders ensuring safety and non-retaliation.

## IV. LEGAL AND FACTUAL BASIS FOR INJUNCTIVE RELIEF

5

10. Defendants' actions constitute ongoing violations of the **First, Fourth, Fifth, and Fourteenth Amendments** and are actionable under **42 U.S.C. § 1983**.

11. Plaintiff satisfies all requirements for preliminary injunctive relief:

A. **Likelihood of success:** The amended complaint sets forth detailed evidence of constitutional violations and judicial retaliation.

B. **Irreparable harm:** Continued exposure to these unlawful acts places Plaintiff in immediate danger of injury, imprisonment, or being permanently silenced.

C. **Balance of harms:** The requested injunction preserves constitutional protections; denial will allow ongoing harm and potential death.

D. **Public interest:** Protecting citizens from abuse of judicial and executive power serves the highest public interest.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

12. **Issue an Immediate Temporary Restraining Order** under **Rule 65(b)(1)** restraining Sheriff Brad Whitehead, Judge Mitchell Bishop, Judge George Wright, and all persons acting in concert with them from:

A. Enforcing or threatening enforcement of any gag order or related restrictions on Plaintiff's First Amendment freedom of speech;

B. Arresting, detaining, or otherwise retaliating against Plaintiff for exercising constitutional rights;

C. Conducting or scheduling any further state court proceedings in Union County case no. 63-2025-MM-0006 until this federal Court rules on Plaintiff's constitutional claims.

13. **Set a Preliminary Injunction Hearing** on an expedited basis once Plaintiff's safety can be reasonably assured.

14. **Direct that service of this motion be deferred** until after judicial review and issuance of a protective order pursuant to Rule 65(b)(1)(B).

15. **Grant any additional relief deemed just and proper** to prevent irreparable harm and protect Plaintiff's constitutional rights.

## VI. DECLARATION AND CERTIFICATION UNDER RULE 65(b)(1)(B)

I, **Casey Faith Williams**, declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the foregoing statements contained in this supplemental filing are true and correct.

Pursuant to **Federal Rule of Civil Procedure 65(b)(1)(B)**, I further certify under penalty of perjury that **immediate and irreparable harm** will occur before the Defendants can be heard, and that **serving or notifying the Defendants at this stage would significantly increase the risk of unlawful retaliation, physical harm, or renewed arrest.**

8

Respectfully submitted,

/s/ **Casey Faith Williams**

Casey Faith Williams

Plaintiff, *Sui Juris Pro Per*

530 SW 1st Street

Lake Butler, Florida 32054

Email: Tat2L80.fw@gmail.com

Phone: (352) 538-8581

Date: October 28, 2025

---

## CERTIFICATE OF SERVICE (REQUEST FOR WAIVER UNDER RULE 65(b)(1))

Plaintiff hereby certifies that, pursuant to **Fed. R. Civ. P. 65(b)(1)**, service and notice to Defendants are **deferred** pending judicial review due to immediate danger of retaliation and physical harm. Plaintiff requests the Court to accept this certification as sufficient grounds to proceed **ex parte** at this stage.

/s/ **Casey Faith Williams**

Casey Faith Williams, Plaintiff, *Sui Juris Pro Per*

9

Faith Williams
530 SW 1st St.
Lake Butler, FL
32054

 

**Retail**

U.S. POSTAGE PA
FCM LG ENV
LAKE BUTLER, FL
OCT 30, 2025

32202    **$2.17**

**RDC 99**    S2324P501549-04

 

**Retail**

U.S. POSTAGE PAID
FCM LG ENV
LAKE BUTLER, FL 32054
OCT 30, 2025

32202    **$9.70**

**RDC 99**    S2324P501549-04



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 3477 9712 38

U.S. District Court
for the Middle District
of Florida-Jacksonville
Division

300 North Hogan Street

Jacksonville, FL 32202

