3:25-CV-904-MMH·MCR

# SUPPLEMENTAL UPDATE TO AMENDED COMPLAINT

*(Filed in Support of Renewed Emergency Motion for Temporary Restraining Order*

*and Preliminary Injunction)*

COMES NOW, the Plaintiff, **Casey Faith Williams**, pro se, and respectfully

submits this **Supplemental Update to the Amended Complaint**, pursuant to

**Federal Rule of Civil Procedure 15(d)**. This update supplements, rather than

replaces, the **Amended Complaint filed October 10, 2025**, and provides new

material facts and ongoing developments directly relevant to the concurrently filed

**Renewed Emergency Motion for Temporary Restraining Order and**

**Preliminary Injunction**.

## I. PURPOSE OF THIS UPDATE

1

1. This filing is made to inform the Court of continued and escalating **constitutional violations and retaliatory conduct** by the named Defendants and others acting in concert under color of state law since the date of the last filing.

2. These newly occurring events demonstrate an **urgent and ongoing threat of irreparable harm**, supporting Plaintiff's request for immediate injunctive protection pursuant to **Fed. R. Civ. P. 65(b)(1).**

## II. NEW FACTUAL DEVELOPMENTS

3. **On August 12, 2025**, during Plaintiff's 4th pretrial hearing in Union County Court Case No. **63-2025-MM-0006**, Defendant **Judge Mitchell Bishop** issued an **unlawful oral gag order** against Plaintiff, commanding removal of lawfully obtained, publicly posted hearing videos and forbidding any further publication.

4. The order was not entered into the record until a month later (September 9, 2025, just 15 minutes before scheduled hearing) and not supported by any factual or lawful findings, authority, or compelling governmental interest. Its sole purpose was to **suppress Plaintiff's speech and evidence of official courtroom misconduct** committed by Judge Bishop, in gross violation of the **First Amendment.**

2

5. **On September 11, 2025**, Plaintiff was **unlawfully arrested** on a fabricated "failure to appear" charge, which was orchestrated solely to punish Plaintiff for refusing to comply with the unconstitutional gag order. Plaintiff **paid the full $2000 bond** to be released after 31 hours of being unlawfully incarcerated.

6. Said arrest was ordered and carried out in conspiracy with **Sheriff Brad Whitehead** and his subordinates, acting in concert with the Union County judiciary, without probable cause or lawful process.

7. Plaintiff would **still be incarcerated and held without bond** had she appeared in court on **September 9th** and again on **October 6th**. Such circumstances would have made it difficult for her to prepare and present her defense, follow up on her federal complaint, and would have effectively prevented her from publicly exposing Union County's organized criminal activities and to investigative authorities, which was the original intentions of the Judge, the Sheriff, and the State Attorney. October 6, 2025, was the next court date scheduled shortly after Plaintiff was released on bail.

7. Following these events, Plaintiff has been subjected to **continuing retaliation, stalking/surveillance, and another warrant for arrest**, creating an environment of intimidation that prevents Plaintiff from safely exercising constitutional rights and living a normal, private and healthy life.

3

8.   Plaintiff's **family and friends are now being harassed and stalked** by Sheriff's Deputies and higher-ranking officials, who have been observed following them **while driving or walking, and deliberately driving slowly past their residence** as a measure of intimidation.

9. **These retaliatory actions**—including the gag order issued on August 12, 2025, continued intimidation through surveillance and harassment of Plaintiff's family and friends, and interference with Plaintiff's pro se filings and court access—**have obstructed Plaintiff's ability to prepare and present evidence in this federal action.** Such coordinated conduct has chilled Plaintiff's protected speech and demonstrates a continuing conspiracy under **42 U.S.C. § 1985(3)** to deprive her of equal protection, due process, and access to the courts..

10.   As a result of the **psychological pressure and continued threats,** Plaintiff's **Non-Hodgkin Lymphoma** symptoms have worsened, causing multiple different health issues to arise. Any renewed arrest or confinement under current conditions poses a **life-threatening risk** and constitutes deliberate indifference to serious medical needs in violation of the **Eighth and Fourteenth Amendments.**

11. Plaintiff affirms that she is **in possession of all hearing recordings** which lack sensitive information, the **written gag order, and her rebuttal** thereto, and will produce said evidence (along with other evidence of retaliation) **at the**

4

**preliminary hearing** for consideration in determining the outcome of the restraining order.

## III. LEGAL GROUNDS FOR SUPPLEMENTAL RELIEF

11.   The new facts described herein establish a **continuing pattern of retaliation and abuse of authority**, further supporting the claims already pled under **42 U.S.C. §§ 1983 and 1985(3)**, and demonstrate ongoing violations of:

a.   **First Amendment** – retaliation for protected speech and prior restraint on expression;

b.   **Fourth Amendment** – unlawful seizure and arrest without probable cause;

c.   **Fifth and Fourteenth Amendments** – deprivation of liberty and due process under color of law;

d.   **Eighth Amendment** – deliberate indifference to Plaintiff's serious medical needs and conditions of confinement;

e.   **Religious Freedom Restoration Act (42 U.S.C. § 2000bb)** – interference with Plaintiff's free exercise of faith and conscience;

f.   **Equal Protection Clause** – targeting and harassment based on Plaintiff's religious exercise and whistleblower activity.

12. The escalation of retaliation, suppression of evidence, and renewed threat of arrest or incarceration create **imminent and irreparable harm** that no monetary relief can remedy.

13. Accordingly, these facts strengthen Plaintiff's request for a **Temporary Restraining Order and Preliminary Injunction**, to immediately restrain the Defendants and those acting in concert with them from further retaliation, censorship, and unlawful arrest.

## IV. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Accept this **Supplemental Update to Amended Complaint** as part of the operative pleadings under **Rule 15(d)**;

2. Take judicial notice of the newly documented events from **August through October 2025** as evidence of continuing and irreparable harm supporting Plaintiff's **Renewed Emergency Motion for TRO and Preliminary Injunction**;

3. Grant immediate protection prohibiting Defendants **Sheriff Brad Whitehead, Judge Mitchell Bishop, Judge George Wright,** and **all agents acting under**

**their direction or influence** from:

    A.   Issuing or enforcing any gag orders or related restrictions on Plaintiff's speech;

    B.  Issuing or enforcing any other court orders, including but not limited to, the original **fabricated order to not "drive" personal automobile** until case is resolved;

    C.   Ordering, initiating, or executing any arrest, detention, or physical restraint against Plaintiff;

    D.   Conducting or scheduling any state court hearings in **Case No. 63-2025-MM-0006** until this federal Court adjudicates Plaintiff's constitutional claims;

4.   Permit ex parte consideration under **Rule 65(b)(1)(A)–(B)** due to verified risk of retaliation and harm prior to service;

5.   Grant such additional relief as the Court deems just, equitable, and necessary to preserve Plaintiff's life, safety, and constitutional rights.

## V. NOTICE OF FORTHCOMING AMENDMENTS TO COMPLAINT

7

Plaintiff hereby provides formal notice to the Court and all parties that additional amendments to the operative complaint will be submitted in the near future pursuant to Federal Rule of Civil Procedure 15(a) and (d). These forthcoming edits will address matters of remuneration and damages, clarify Plaintiff's preferred expectations for injunctive and equitable relief, and include newly discovered facts identifying additional crimes and newly implicated defendants whose participation in the ongoing constitutional violations has recently come to light.

Said amendments will be filed promptly upon completion to ensure the record accurately reflects the full scope of harm, liability, and relief sought in this action.

## VI. VERIFICATION

I, **Casey Faith Williams**, declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this <u>28th</u> day of **<u>October, 2025</u>**, in **Union County, Florida.**

**/s/ Casey Faith Williams**

8

Respectfully submitted,

**/s/ Casey Faith Williams**

**Casey Faith Williams, Plaintiff Pro Se**

530 SW 1st Street

Lake Butler, Florida 32054

Email: Tat2L80.fw@gmail.com

Phone: (352) 538-8581