UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASEY FAITH WILLIAMS,

    Plaintiff,

v.                                                    Case No.: 3:25-cv-00904-JEP-MCR

SHERIFF BRAD WHITEHEAD, et al.,

    Defendants.

_____

## ORDER

**THIS CAUSE** is before this Court on Plaintiff's "Emergency Renewed Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 13, Motion) filed on November 3, 2025. Plaintiff requests a restraining order and an injunction preventing "any further state court proceedings in Union County case no. 63-2025-MM-0006..." *See* Motion at 7. She also seeks protection from any arrest or detention by Defendants, and a prohibition on the enforcement of a "gag order" issued by Judge Mitchell Bishop. *See id.* To the extent Plaintiff requests a preliminary injunction, such relief is denied due to the lack of notice to Defendants. *See* Fed. R. Civ. P. 65(a)(1). For the reasons set forth below, Plaintiff's request for a temporary restraining order is denied as well.

This Court may issue a temporary restraining order without notice to an

adverse party or its attorney only if:

> "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65.

The Local Rules of this Court also require a legal memorandum establishing:

> "(1) the likelihood that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature of the threatened injury and the reason that notice is impractical, (3) the harm that might result absent a restraining order, and (4) the nature and extent of any public interest affected." Local Rule 6.01, United States District Court, Middle District of Florida.

Plaintiff's motion fails to conform to these rules and fails to show a likelihood of success on the merits of her claim. Plaintiff asks this Court to enjoin an ongoing state court criminal proceeding. However, *Younger* abstention prohibits such interference absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 53 (1971). The *Younger* abstention doctrine applies when (1) there is a pending state court proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate

opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

First, Plaintiff is challenging an ongoing state criminal proceeding. *See* Complaint, ¶¶ 4–18. The requested injunction would prevent "any further state court proceedings in Union County case no. 63-2025-MM-0006..." *See* Motion at 7. Plaintiff argues that the state's prosecution is violating her constitutional rights and asks this Court to halt the criminal proceeding and vacate orders of the state court judge presiding over that proceeding. *See id* at 6. As such, the first *Younger* prong is met. *See Boyd v. Georgia*, 512 F. App'x 915, 917-18 (11th Cir. 2013) (finding the first *Younger* prong satisfied when the plaintiff alleged a traffic stop, which led to a state misdemeanor proceeding, was unconstitutional).[1]

The second prong is also satisfied. Although the record is unclear as to the precise nature of the state charge or charges against Plaintiff, it appears the state is prosecuting her for a traffic violation. *See* Complaint ¶¶ 2–7. As recognized in *Boyd*, "[t]he state has an important interest in prosecuting this type of criminal offense." *See Boyd*, 512 F. App'x at 918 (finding an important

---

[1] This Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

state interest in prosecuting a misdemeanor traffic violation).

Finally, as to the third prong, Plaintiff has not shown that "the state proceedings do not provide an adequate remedy for [her] federal claims." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003). "Minimal respect for the state processes ... precludes any presumption that the state courts will not safeguard federal constitutional rights." *See id* (emphasis omitted) (quoting *Middlesex*, 457 U.S. at 431). Indeed, "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). Under *Younger* abstention, it does not matter if a claim will be successful on the merits in state court. *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996). The relevant inquiry is if the plaintiff is "*procedurally* prevented from raising [her] constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court." *Id.*

Plaintiff has not shown that she is prevented from raising her constitutional claims in the state court proceedings, and her complaint states that she did in fact raise these claims in state court. *See* Complaint ¶ 8. Accordingly, this Court concludes that Plaintiff has not shown a likelihood of success on the merits of her claims as her claims are likely precluded by *Younger* abstention. Plaintiff also fails to show why notice to the Defendants

-4-

is not required.

In light of the foregoing, it is

**ORDERED:**

Plaintiff's "Emergency Renewed Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 13) is **DENIED.**

**DONE** and **ORDERED** in Jacksonville, Florida on November 13th, 2025.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
*Pro Se* Party