DEC 16 2025 PM3:14
FILED - USDC - FLMD - JAX

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

CASEY FAITH WILLIAMS,

Plaintiff,

v.

SHERIFF BRAD WHITEHEAD, et al.,

Defendants.

Case No.: 3:25-cv-904-JEP-MCR

# PLAINTIFF'S EMERGENCY MOTION TO ENJOIN AND DECLARE UNLAWFUL RETALIATORY BENCH WARRANTS ISSUED WITHOUT JURISDICTION

Plaintiff, Casey Faith Williams, a living woman, sui juris, in propria persona (pro per), respectfully moves this Court for emergency equitable relief **enjoining enforcement of retaliatory bench warrants**, and for declaratory relief declaring such warrants void ab initio. This motion is brought pursuant to **Fed. R. Civ. P. 65, Rule 57, 42 U.S.C. § 1983**, the **Declaratory Judgment Act**, and the Court's inherent authority. In support, Plaintiff states as follows:

# I. INTRODUCTION

This motion seeks **emergency relief** from ongoing and retaliatory use of state court bench warrants that arose **directly and exclusively from Plaintiff's refusal to submit to an unconstitutional gag order** issued on August 12, 2025, by Judge Mitchell D. Bishop. The warrants are not the product of neutral judicial process, but of coercion and retaliation designed to punish Plaintiff for protected First Amendment activity and to force compliance with a void prior restraint.

The bench warrants at issue were issued under threat of arrest if Plaintiff appeared in court without surrendering her First Amendment rights, placing Plaintiff in an impossible position: submit to an unlawful gag order or face incarceration, likely without a bond. Such use of arrest power to compel silence violates the First Amendment, Due Process Clause, and fundamental principles of judicial neutrality.

## II. FACTUAL BACKGROUND

1. During a **July 2025 state-court hearing**, the presiding judge, Judge Bishop, expressly acknowledged Plaintiff's previously posted courtroom videos, recognized that they appeared **properly obtained**, and raised **no concern regarding sensitive or confidential information**. The only warning given concerned the use of Plaintiff's private phone to record future proceedings.

2. At that time, the judge was aware that Plaintiff's videos were gaining widespread public attention and scrutiny, including viral dissemination.

3. Plaintiff filed her federal civil rights lawsuit in **August 2025**, naming, among others, the presiding judge as a defendant.

4. **The day after service of Plaintiff's lawsuit**, on **August 12, 2025**, the same judge issued a sweeping gag order prohibiting Plaintiff from posting or maintaining videos of her own court proceedings, including previously published public-record materials.

5. The gag order was issued without written findings, without narrow tailoring, and without identification of any compelling governmental interest.

6. At the August 12, 2025 hearing, Plaintiff was **threatened with arrest at the next court date, September 9, 2025,** if she did not comply with the gag order to remove her videos and to post no more videos.

7. Faced with a direct threat of arrest for exercising protected speech, Plaintiff intentionally did not appear at the September 9, 2025 hearing, reasonably fearing incarceration, and without a bond, for refusal to comply with an unconstitutional order.

8. A bench warrant was issued for failure to appear. Plaintiff was subsequently **arrested on that first bench warrant,** jailed, and subjected to excessive bond conditions.

3

9.  During that arrest and detention, the judge **imposed three separate failure-to-appear charges**, one for each underlying count of initial charges, despite the absence of three independent failures to appear, dramatically increasing bail and causing false and damaging entries on Plaintiff's criminal record.

10. Plaintiff was later ordered to appear again on **October 6, 2025**, under the same coercive conditions. Because the gag order remained in effect and the threat of arrest for noncompliance persisted, Plaintiff again did not appear, resulting in a **second retaliatory bench warrant**, which remains outstanding.

11. Plaintiff is currently avoiding arrest, under said bench warrant, solely to prevent further unconstitutional incarceration for refusal to comply with a void gag order.

# NOTICE REGARDING AVAILABILITY OF VIDEO EVIDENCE

Plaintiff respectfully advises the Court that video recordings of the state-court proceedings referenced in this Motion have been preserved in their original, unaltered form. These recordings consist of public-record courtroom proceedings previously acknowledged by the state court.

Due to file-size and format limitations, and in order to comply with filing rules and Court protocol, Plaintiff has not submitted the video recordings at this time. Plaintiff stands ready to provide the recordings by any method the Court directs, upon request.

4

This notice is submitted solely to inform the Court of the existence and availability of the recordings and does not request that the Court independently investigate or access materials outside the record.

# III. LEGAL STANDARD (FED. R. CIV. P. 65, RULE 57, AND DECLARATORY JUDGMENT ACT)

This motion is brought pursuant to **Fed. R. Civ. P. 65(a)** for preliminary injunctive relief and, to the extent necessary, **Rule 65(b)** for emergency relief. Plaintiff also seeks declaratory relief under **Fed. R. Civ. P. 57** and **28 U.S.C. §§ 2201–2202**.

A federal court may enjoin ongoing enforcement of unconstitutional state action under **42 U.S.C. § 1983**, including prospective relief against state officials pursuant to **Ex parte Young, 209 U.S. 123 (1908)**.

To obtain injunctive relief, Plaintiff must demonstrate:

1. A substantial likelihood of success on the merits;
2. Irreparable harm;
3. That the balance of equities favors relief; and
4. That the injunction serves the public interest.

*Winter v. NRDC*, 555 U.S. 7 (2008).

5

# IV. ARGUMENT

Plaintiff pleads in the alternative and on independent grounds pursuant to **Fed. R. Civ. P. 8(d)(2)**.

## A. The Bench Warrants Are the Direct Fruit of an Unconstitutional Gag Order

The bench warrants at issue arise directly and exclusively from Plaintiff's refusal to comply with a gag order that was void ab initio. Because the gag order lacked any lawful foundation, Plaintiff's noncompliance with that order cannot constitutionally serve as the basis for arrest, failure-to-appear charges, or bench warrants. Enforcement actions flowing from a void order are themselves void.

## B. The Bench Warrants Were Issued for an Improper and Retaliatory Purpose

In addition to the constitutional defects identified above, the record demonstrates that the challenged bench warrants serve an improper and retaliatory purpose: to incapacitate Plaintiff through incarceration so as to obstruct her access to this Court and force dismissal of her federal civil-rights action through manufactured inactivity.

## C. The Warrants Were Issued Without a Neutral and Detached Magistrate

6

At all relevant times, the issuing judge was a **named defendant** in Plaintiff's federal lawsuit and had been **served with Plaintiff's civil-rights complaint prior to August 12, 2025**. Due process forbids a judge from acting where impartiality is reasonably questioned or where the judge has a personal stake in suppressing criticism. *Tumey v. Ohio*, 273 U.S. 510 (1927); *In re Murchison*, 349 U.S. 133 (1955); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

Because the issuing judge was constitutionally and statutorily **disqualified at the time the gag order was issued**, the gag order was **void ab initio**. All subsequent enforcement actions flowing from that order—including threats of arrest, failure-to-appear charges, and issuance of bench warrants—therefore lack any lawful foundation and are likewise void.

## D. Plaintiff Is Suffering Ongoing and Irreparable Harm

Plaintiff faces imminent arrest, incarceration, reputational harm, and continued suppression of speech. Loss of liberty and First Amendment freedoms constitutes irreparable harm as a matter of law. *Elrod v. Burns*, 427 U.S. 347 (1976).

Plaintiff also faces **grave medical and religious harm** if incarcerated. Defendants and the issuing judge have **actual knowledge** that Plaintiff suffers from **cancer affecting her immune system**, and that incarceration in a jail setting poses a **substantial risk of serious harm and death**. Despite this knowledge, Defendants have been **deliberately indifferent** to that risk, refusing to mitigate or accommodate Plaintiff's medical vulnerability, and instead using incarceration as a coercive tool.

This conduct constitutes **deliberate indifference with actual knowledge of a substantial risk of serious harm**, a recognized constitutional violation under the Eighth and Fourteenth Amendments, where officials are aware of facts from which the inference of a substantial risk may be drawn, actually draw that inference, and nevertheless disregard the risk by failing to take reasonable measures to abate it. The risk here is foreseeable, ongoing, and extreme, given Plaintiff's compromised immune system and the known conditions of confinement.

Critically, during Plaintiff's **prior incarceration on the first bench warrant**, Plaintiff **contracted multiple serious infections,** including **a parasitic infection affecting her joints, a fungal infection of the feet and toenails, and a bacterial infection on the back of her thigh**. These conditions were contracted while in custody and illustrate the concrete, non-speculative medical dangers Plaintiff faces if jailed again.

Plaintiff's medical care consists of **non-pharmaceutical, holistic treatment** consistent with her sincerely held religious beliefs and past adverse reactions from taking pharmaceutical, chemical based drugs. Incarceration would deprive Plaintiff of access to this care and would foreseeably coerce her to accept pharmaceutical medications against her religion and against her will or reject them and be hospitalized where further use of chemical-based drugs would be forced against her will. Such coercion constitutes irreparable injury to bodily integrity and religious exercise and independently warrants emergency relief.

### E. Balance of Equities and Public Interest Favor Injunction

8

Defendants have no legitimate interest in enforcing retaliatory warrants. The public interest is served by preventing abuse of arrest powers, preserving access to the courts, and safeguarding constitutional rights.

Where, as here, arrest authority is deployed to silence criticism and to **impede a litigant's ability to prosecute a pending federal civil-rights action**, this Court also possesses authority under the **All Writs Act, 28 U.S.C. § 1651**, to issue orders necessary or appropriate in aid of its jurisdiction and to protect the integrity of these proceedings.

# V. REQUEST FOR EXEMPTION FROM SERVICE OR COURT-DIRECTED NOTICE

Plaintiff respectfully requests **exemption from the requirement of serving this emergency motion** due to ongoing retaliation, intimidation of third parties, and safety concerns directly caused by Defendants' conduct. Plaintiff requests that the Court **waive service of this motion,** or, in the alternative, **direct notice in any manner the Court deems appropriate**, without prejudice to Defendants' right to respond.

This Court possesses inherent authority to control its docket and to fashion procedures necessary to protect litigants and the integrity of judicial proceedings. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Where a litigant demonstrates a credible risk of retaliation or intimidation, courts may modify or excuse service requirements to prevent further harm and obstruction of access to the courts.

Moreover, due process does not require formal service in every circumstance, but only notice reasonably calculated to apprise interested parties of the pendency of the action and afford an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In emergency contexts, courts may dispense with or tailor notice requirements where providing notice would itself cause harm or defeat the purpose of the relief sought. See *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974); Fed. R. Civ. P. 65(b)(1)(B).

Given Defendants' ongoing retaliatory conduct and the risk posed by requiring Plaintiff to effect service, Plaintiff respectfully requests that the Court waive service of this motion or order court-directed notice as it deems appropriate, while preserving Defendants' full opportunity to be heard.

# VI. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Declare the retaliatory bench warrants unconstitutional and void;

2. Enjoin Defendants from enforcing or executing the bench warrants;

3. Enjoin Defendants from issuing or enforcing any arrest warrants arising from the unconstitutional gag order;

4. Enjoin Defendants from using arrest or detention to obstruct Plaintiff's access to this Court;

5. Grant such other and further relief as the Court deems just and proper.

10

# DECLARATION OF CASEY FAITH WILLIAMS

I, Casey Faith Williams, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the

foregoing facts are true and correct.

Executed on December 14, 2025.

Respectfully submitted,

/S/ Casey Faith Williams, All Rights Reserved

Plaintiff, Sui Juris Pro Per

530 SW 1st St

Lake Butler, Florida 32054

352-538-8581

Tat2L80.fw@gmail.com

Jesus.junkie4life@yahoo.com