DEC 16 2025 PM3:14
FILED - USDC - FLMD - JAX

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

CASEY FAITH WILLIAMS,

Plaintiff,

v.                                              **Case No.: 3:25-cv-904-JEP-MCR**

SHERIFF BRAD WHITEHEAD, et al.,

Defendants.

# PLAINTIFF'S EMERGENCY MOTION TO ENJOIN AND DECLARE UNLAWFUL A RETALIATORY GAG ORDER ISSUED WITHOUT JURISDICTION

i

Plaintiff, Casey Faith Williams, sui juris, in propria persona (pro per), respectfully moves this Court for an order **enjoining enforcement of a retaliatory and unconstitutional gag order,** and for declaratory relief finding the gag order void ab initio. In support, Plaintiff states as follows:

# I. INTRODUCTION

This motion seeks **emergency equitable relief** against an extraordinary prior restraint on speech imposed by a state court judge **after Plaintiff filed a federal civil rights lawsuit naming that judge as a defendant.** The gag order was issued **the day before Plaintiff's August hearing,** after Defendants had notice of this federal action, and operates to prohibit Plaintiff from speaking publicly about her own case, including publication of public-record court proceedings.

Immediate relief is necessary because the gag order remains in effect, continues to chill Plaintiff's constitutionally protected speech, and is enforced under threat of arrest and further retaliation. Plaintiff faces ongoing harm each day the order remains operative, and no adequate remedy at law exists.

The gag order violates the First Amendment, the Due Process Clause, and the Fourth and Fourteenth Amendments. It was issued **without jurisdiction, without neutrality, without findings, and in retaliation for protected activity.** Because the issuing judge is a named defendant in this federal action, he was constitutionally and statutorily disqualified from issuing any order directed at Plaintiff. The gag order is therefore void and unenforceable as a matter of law.

## II. FACTUAL BACKGROUND

1. Plaintiff filed this federal civil rights action in August 2025, naming, among others, **Judge Mitchell Bishop and Judge George Wright** as defendants for ongoing constitutional violations.

2. **The day after Defendants received notice of this lawsuit,** and **the day before Plaintiff's August state-court hearing,** Judge Bishop issued a gag order directed at Plaintiff.

3. The gag order prohibits Plaintiff from publishing or discussing her own court proceedings, including video and transcript materials that constitute public records.

4. The gag order was issued **without a written order setting forth findings,** without any showing of a compelling governmental interest, and without narrow tailoring.

5. At the time the gag order was issued, Judge Bishop was a **named defendant** in Plaintiff's pending federal civil rights complaint.

6. Plaintiff reasonably feared arrest if she appeared in court to challenge the gag order, due to explicit and implicit threats made in prior proceedings, and she is presently subject to an outstanding bench warrant arising from failure to appear under those conditions.

7. Since issuance of the gag order, Plaintiff and third parties assisting her have been subjected to escalating retaliation, including surveillance, repeated contacts by law enforcement, and intimidation.

3

# III. LEGAL STANDARD (FED. R. CIV. P. 65, RULE 57, AND DECLARATORY JUDGMENT ACT)

This motion is brought pursuant to **Federal Rule of Civil Procedure 65(a)** for preliminary injunctive relief, and, to the extent immediate relief is necessary to prevent ongoing constitutional injury, **Rule 65(b)**.

Plaintiff also seeks declaratory relief pursuant to **Federal Rule of Civil Procedure 57** and the **Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202**, which authorize this Court to declare the rights and legal relations of the parties where an actual controversy exists and where declaratory relief will terminate uncertainty and prevent ongoing constitutional injury.

A federal court may enjoin state action that violates federal constitutional rights pursuant to **42 U.S.C. § 1983**, including prospective relief against state officials acting under color of law, consistent with the doctrine of **Ex parte Young, 209 U.S. 123 (1908)**.

To obtain injunctive relief, the movant must establish:

1. A substantial likelihood of success on the merits;
2. Irreparable injury in the absence of an injunction;
3. That the balance of equities tips in the movant's favor; and
4. That an injunction is in the public interest.

*Winter v. NRDC*, 555 U.S. 7 (2008).

4

Under Rule 65(d), any injunction must state its terms specifically and describe in reasonable detail the acts restrained or required. Plaintiff seeks narrowly tailored relief prohibiting enforcement of a single, unconstitutional gag order, satisfying Rule 65's specificity requirements.

# IV. ARGUMENT

Plaintiff pleads her claims for relief in the alternative and on independent grounds pursuant to **Fed. R. Civ. P. 8(d)(2)**. Any one of the constitutional and jurisdictional defects identified below independently warrants declaratory and injunctive relief.

## A. The Gag Order Is an Unconstitutional Prior Restraint

Prior restraints on speech are **presumptively unconstitutional**. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976). A gag order restraining a litigant's speech about her own case is subject to **strict scrutiny**, requiring a compelling interest and narrow tailoring.

Here, no compelling interest was identified, no findings were made, and the order broadly suppresses protected speech regarding public records. The gag order therefore fails constitutional scrutiny.

## B. The Issuing Judge Lacked Jurisdiction Due to Mandatory Disqualification

Due process requires a **neutral and detached judge**. *Tumey v. Ohio*, 273 U.S. 510 (1927); *In re Murchison*, 349 U.S. 133 (1955).

5

Under **Florida Statute § 38.01**, any judge who appears on record as a party must be disqualified, and any judicial acts attempted are null and void. At the time the gag order was issued, Judge Bishop was a named defendant in Plaintiff's federal civil rights lawsuit. He therefore lacked authority to issue any order affecting Plaintiff.

A judge may not act in a matter in which his impartiality is reasonably questioned, and no person may be a judge in his own case. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

## C. The Gag Order Constitutes Retaliation for Protected Activity

Plaintiff engaged in protected First Amendment activity by filing a civil rights lawsuit and by publishing public-record court proceedings that contained no sensitive or confidential information. During the prior hearing in July, the judge expressly acknowledged no issue with Plaintiff's previously posted videos and limited any caution solely to personally recording proceedings from private devices. Nevertheless, during the August 12, 2025 hearing, the judge applied a court redaction rule retroactively and indiscriminately to all of Plaintiff's publicly posted videos, despite their compliance with redaction standards. The gag order was issued immediately after the filing of this federal action, demonstrating clear temporal proximity and retaliatory motive.

Government action taken to punish or deter protected speech violates the First Amendment. *Hartman v. Moore*, 547 U.S. 250 (2006).

6

**D. Plaintiff Is Suffering Irreparable Harm**

Loss of First Amendment freedoms, even briefly, constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347 (1976). Plaintiff continues to face the threat of arrest and enforcement of an unconstitutional gag order that chills speech and suppresses public oversight.

**E. The Balance of Equities and Public Interest Favor Injunction**

Defendants have no legitimate interest in enforcing a void and unconstitutional order. The public interest is served by transparency, accountability, and the protection of constitutional rights.

Where, as here, a state court order operates to chill access to federal courts and suppress protected speech in retaliation for the filing of a federal civil rights action, this Court also possesses authority under the **All Writs Act, 28 U.S.C. § 1651**, to issue orders necessary or appropriate in aid of its jurisdiction and to protect the integrity of these proceedings. Enjoining enforcement of the gag order is necessary to prevent interference with Plaintiff's access to this Court and to preserve federal jurisdiction.

# V. REQUEST FOR ALTERNATIVE SERVICE AND MODIFIED NOTICE

7

Plaintiff respectfully requests authorization for **alternative service and modified notice** of this emergency motion pursuant to **Fed. R. Civ. P. 5(b)(3), Rule 65(b)(1)(B)** (to the extent immediate relief is warranted), and the Court's **inherent authority** to control its proceedings.

As set forth above, Defendants' ongoing retaliation, intimidation of third parties, and surveillance activities have rendered ordinary service impracticable and unsafe. Due process requires only notice reasonably calculated to apprise interested parties and afford an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff therefore requests permission to effect service of this motion by alternative means reasonably calculated to provide notice, including service through counsel of record, electronic means, or other methods the Court deems appropriate, without prejudice to Defendants' ability to respond.

# VI. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Declare the gag order unconstitutional and void;

2. Enjoin Defendants from enforcing or relying upon the gag order;

3. Enjoin Defendants from issuing or enforcing retaliatory speech restraints;

4. Grant such other relief as the Court deems just and proper.

# DECLARATION OF CASEY FAITH WILLIAMS

I, Casey Faith Williams, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing facts are true and correct.

Executed on December 14, 2025.

Respectfully submitted,

/S/ Casey Faith Williams, All Rights Reserved

Plaintiff, Sui Juris Pro Per

530 SW 1st St

Lake Butler, Florida 32054

352-538-8581

Tat2L80.fw@gmail.com

Jesus.junkie4life@yahoo.com

9