# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASEY FAITH WILLIAMS,

      Plaintiff,

v.                             CASE NO. 3:25-cv-00904-JEP-MCR

SHERIFF BRAD WHITEHEAD,
*et al.*,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT <u>REGARDING COUNTS I – III AND V – VI OF THE AMENDED COMPLAINT</u>

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendants, BRAD WHITEHEAD, Union County Sheriff,[1] WILLIAM H. MILLER JR., Union County Deputy, individually, JAMES JANKOWSKI, Union County Deputy, individually, LYN WILLIAMS, Union County Deputy, individually, CAPTAIN TOMLINSON, Union County Deputy, individually, PHILLIP SELLERS, Union County Deputy, individually, DAVID C. GLADDING, Union County Deputy, individually, and SAMUEL A. MURPHY, Union County Deputy, individually (collectively, the "Union County Sheriff Defendants"), hereby move to dismiss Counts I – III and V – VI of the

---

[1] The Amended Complaint indicates, without explanation, that Sheriff Whitehead is "sued in individual and official capacities." (Doc 11, ¶7).

Amended Complaint for failure to state a claim, or in the alternative, move for a more definite statement because these counts are so vague or ambiguous that the Defendants cannot reasonably prepare a response thereto. The Union County Sheriff Defendants state in support thereof as follows:

## PROCEDURAL HISTORY

Plaintiff, CASEY FAITH WILLIAMS ("Ms. Williams"), filed her seventeen-page *pro se* Amended Complaint (Doc 11) on October 10, 2025, against the Union County Sheriff Defendants along with six other Defendants, including two county court judges in Union County, MITCHELL BISHOP and GEORGE WRIGHT, the local State Attorney, BRUCE HELLING, the Clerk of Union County, KELLIE HENDRICKS RHOADES, Plaintiff's bail bond agent, LINDA L. JAMES, and UNION COUNTY, FLORIDA itself. The Amended Complaint asserts the following causes of action:

- COUNT I – Unlawful Seizure and Arrest – 4th Amendment (Brought against Defendants, BRAD WHITEHEAD, SAMUEL A. MURPHY, DAVID C. GLADDING, PHILLIP SELLERS, JAMES JANKOWSKI, WILLIAM H. MILLER JR., and UNION COUNTY, FLORIDA)

- COUNT II- Retaliation for Protected Speech – 1st Amendment (Brought against Defendants, BRAD WHITEHEAD, WILLIAM H. MILLER JR., BRUCE HELLING, and UNION COUNTY, FLORIDA)

- COUNT III – Denial of Due Process and Fair Trial – 14th Amendment (Brought against Defendants, MITCHELL BISHOP, GEORGE WRIGHT, BRUCE HELLING, WILLIAM H. MILLER

2

JR., JAMES JANKOWSKI, LYN WILLIAMS, CAPTAIN TOMLINSON, PHILLIP SELLERS, DAVID C. GLADDING, SAMUEL A. MURPHY, and UNION COUNTY, FLORIDA)

- COUNT IV - Deliberate Indifference to Serious Medical Needs – 8th & 14th Amendments (Brought against Defendant MITCHELL BISHOP)[2]

- COUNT V – Religious Freedom Violation – 1st Amendment & 42 U.S.C. § 2000bb (Brought against All Defendants)

- COUNT VI – Due Process and Equal Protection Violation – 14th Amendment (Brought against Defendants, WILLIAM H. MILLER JR., JAMES JANKOWSKI, LYN WILLIAMS, CAPTAIN TOMLINSON, PHILLIP SELLERS, DAVID C. GLADDING, and SAMUEL A. MURPHY)

**SUMMARY OF THE AMENDED COMPLAINT'S ALLEGATIONS REGARDING THE UNION COUNTY SHERIFF DEFENDANTS**

1. Plaintiff identifies herself as "a private American and child of God." (Doc 11, ¶3). By all appearances, she is aligned with the sovereign citizen movement.

2. The Amended Complaint states that "[t]his action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983 and 1985(3)." (Doc 11, ¶1). However, besides a passing reference to Section 1983 in Count I, Plaintiff does not identify either 42 U.S.C. §1983 or § 1985(3) as the basis for any of her claims.

---

[2] Since Count IV of the Amended Complaint does not name any of the Union County Sheriff Defendants, there is no need to address it in this motion.

3

3.     "In August 2023, Plaintiff personally notified Sheriff Whithead of her intent to exercise her constitutional right to travel without commercial restrictions. He responded with threats of arrest if seen driving without a license." (Doc 11, ¶21).

4.     Plaintiff next complains that Sheriff Whitehead and Deputy William H. Miller Jr. allegedly made nine phone calls in one day, slowly drove by her house numerous times, and had a drone fly over her house in retaliation for her public condemnation of Sheriff Whitehead. (Doc 11, ¶22).

5.     "On January 31, 2025, Deputy Murphy stopped Plaintiff without probable cause under orders from Whitehead, broke her window, forcibly removed her, arrested her, and took her phone." (Doc 11, ¶23).

6.     Plaintiff also complains that "Deputies Gladding, Murphy, and Sellers searched her automobile without warrant, damaged property, and seized her private plate (not issued by the DMV)." (Doc 11, ¶24).

7.     Plaintiff remarkably claims that Sheriff Whitehead somehow changed her iCloud account information "to conceal digital evidence of his own misconduct." (Doc 11, ¶25).

8.     Finally, Plaintiff complains that Sheriff Whitehead told Judge Wright that she would leave the State after bonding out, thus allegedly causing her bond to be raised to $10,000.00. (Doc 11, ¶26).

## MEMORANDUM OF LAW

### Standard of review for Rule 12(b)(6) Motion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must include more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint must include "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 551, 569, 554-57, n. 14. (declining to take as true the conclusory allegation "upon information and belief" without enough facts to make the statement plausible).

In other words, the requisite pleading standard "demands more than an unadorned, the-defendant-unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "The mere possibility that a defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.2d 1252, 1261 (11th Cir. 2009) (citations omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.,* 566 U.S. 449 (2012). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

Moreover, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at

678-79 (2009).[3] Thus, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* Finally, where a plaintiff is unable to state a cause of action and further leave to amend the complaint would be futile, such claims should be dismissed with prejudice. *See Muhammad v. JPMorgan Chase Bank*, NA, 567 Fed. App'x 851, 853-54 (11th Cir. 2014); *Locke v. SunTrust Bank*, 484 F.3d 1343 (11th Cir. 2007).

### Standard on a Motion for More Definite Statement

"[W]hen a complaint is challenged under Rule 12(e), the Court may require the claimant to file a more definite statement if the pleading is 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" Fed. R. Civ. P. 12(e). *Stevenson v. Crrc, Inc.*, 2016 WL 1090088, at \*1 (M.D. Fla. Mar. 21, 2016). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010).

Where the allegations of a complaint are "vague and ambiguous — leaving the reader to guess at precisely what the plaintiff [is] claiming," the

---

[3] Unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. at 664. On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.*" Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir.2003).

court should order a repleader. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1128–31 (11th Cir.2001); *see also Mead v. McKeithen*, 571 F. App'x 788, 791 (11th Cir. 2014) ("It is difficult to discern the basis for [the] Fourth Amendment claim from the complaint in this case. … In this single count—Count III—Mead asserts claims against" four defendants.). Therefore, it is important for a court to "narrow and define the issues from the earliest stages of the litigation." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir.1997). Neither the Court nor the defendants are required to "sift through the facts presented and decide for [themselves] which were material to the particular cause of action asserted." *Washington v. Dep't of Children & Families*, 256 F. App'x 326, 328 (11th Cir. 2007).

## ARGUMENT

### I.    Summary of Argument

The Union County Sheriff Defendants respectfully submit that Counts I - III and V – VI of the Amended Complaint should be dismissed because none of these counts state a claim upon which relief may be granted; alternatively, each of these counts should be repleaded through a Second Amended Complaint which complies with Rule 8. The arguments for each count are as follows:

- COUNT I - Unlawful Seizure and Arrest – 4th Amendment (Brought against Defendants, BRAD WHITEHEAD, SAMUEL A.

7

MURPHY, DAVID C. GLADDING, PHILLIP SELLERS, JAMES JANKOWSKI, WILLIAM H. MILLER JR., and UNION COUNTY, FLORIDA) – should be dismissed because Deputy Murphy's dashcam video demonstrates that Plaintiff's arrest and the post-arrest inventory search were fully authorized. Moreover, the Amended Complaint contains no allegations regarding either Deputy Miller or Deputy Jankowski having any role in Plaintiff's seizure or arrest.

- COUNT II- Retaliation for Protected Speech – 1st Amendment (Brought against Defendants, BRAD WHITEHEAD, WILLIAM H. MILLER JR., BRUCE HELLING, and UNION COUNTY, FLORIDA) – should also be dismissed because Plaintiff has not alleged a valid Section 1983 claim against Sheriff Whitehead or Deputy Miller.

- COUNT III – Denial of Due Process and Fair Trial – 14th Amendment (Brought against Defendants, MITCHELL BISHOP, GEORGE WRIGHT, BRUCE HELLING, WILLIAM H. MILLER JR., JAMES JANKOWSKI, LYN WILLIAMS, CAPTAIN TOMLINSON, PHILLIP SELLERS, DAVID C. GLADDING, SAMUEL A. MURPHY, and UNION COUNTY, FLORIDA) – is subject to dismissal because this count does not contain any

allegation whatsoever as to the actions of Deputy Miller, Deputy Jankowski, Deputy Williams, Deputy Tomlinson, Deputy Sellers, Deputy Gladding or Deputy Murphy.

- COUNT V – Religious Freedom Violation – 1st Amendment & 42 U.S.C. § 2000bb (Brought against All Defendants) – should likewise be dismissed because neutral, generally applicable laws such as the traffic laws at issue here do not violate the Free Exercise Clause; moreover, the Religious Freedom Restoration Act of 1993 only applies to the federal government.

- COUNT VI -– Due Process and Equal Protection Violation – 14th Amendment (Brought against Defendants, WILLIAM H. MILLER JR., JAMES JANKOWSKI, LYN WILLIAMS, CAPTAIN TOMLINSON, PHILLIP SELLERS, DAVID C. GLADDING, and SAMUEL A. MURPHY) - is subject to dismissal because Plaintiff has not alleged a valid Section 1983 "failure to intervene" claim; indeed, this count does not provide a single detail regarding how any of the individual deputies were in a position to intervene to prevent the violation of a particular Constitutional provision but somehow failed to do so.

## II.    Deputy Murphy's dashcam video demonstrates that the arrest and seizure were lawful (Count I)

Count I attempts to plead a claim under the Fourth Amendment for an allegedly unlawful seizure and arrest. Even putting aside all of the problems from a legal perspective with any potential Section 1983 claim, the video from Deputy Murphy's dashcam demonstrates that Plaintiff's arrest and the post-arrest inventory search were completely appropriate and lawful.

To begin with, probable cause is not required for an investigative traffic stop such as occurred with Ms. Williams. *See* Section 901.151(2), Florida Statutes. Deputy Murphy had a more than reasonable suspicion that Ms. Williams engaged in criminal activity based on Plaintiff's display of an unauthorized / "homemade" license plate in violation of Section 320.06, Florida Statutes, as confirmed by Exhibit 1 hereto, the video from Deputy Murphy's dashcam.[4]

During the traffic stop, Ms. Williams stated that she did not have a license as required by Section 322.03(1)(a), Florida Statutes, the registration required by Section 320.06, Florida Statutes or proof of insurance, thus providing probable cause for her arrest pursuant to Section 901.151(4), Florida

---

[4] A district court may properly rely on a dashcam video such as Exhibit 1 hereto in deciding a motion to dismiss under the incorporation-by-reference doctrine when the video is central to a plaintiff's claims and undisputed as to its authenticity. *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

Statutes. Ms. Williams also refused to identify herself even after Deputy Murphy informed her of the applicable statutory requirement (Section 322.15(1), Florida Statutes) to do so.

Deputy Murphy indicated that he would need to remove Plaintiff from her vehicle if she would not exit the vehicle, but Ms. Williams refused to exit the vehicle on her own. An individual's refusal to comply with lawful commands from a law enforcement officer is not only a crime in and of itself (Section 843.02, Florida Statutes) but allows the police to use necessary force, including breaking a car window, to remove the individual and gain control of the situation. Finally, a warrant is not required to conduct an inventory search of a car following an arrest; likewise, the seizure of an illegal license plate as evidence was clearly appropriate.[5]

### III. Plaintiff fails to state a valid Section 1983 claim for First Amendment retaliation (Count II)

Count II attempts to assert a claim against Sheriff Whitehead and Deputy Miller for alleged retaliation for protected speech under the First Amendment. Although Count II does not reference 42 U.S.C. § 1983 as the basis for the claim, undersigned counsel will assume that the *pro se* Plaintiff

---

[5] It is unclear why Deputy Miller and Deputy Jankowski were named as Defendants in Count I since the Amended Complaint lacks any allegations regarding either individual having any role in Plaintiff's seizure or arrest.

11

is attempting to assert a Section 1983 claim, as there is no cognizable claim under the First Amendment itself.

To begin with, it is well-established that "section 1983 itself creates no substantive rights [for an individual]; it merely provides a remedy for deprivations of federal rights established elsewhere." *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir.1987) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). In other words, Section 1983 provides a cause of action for claims of federal constitutional violations. *Albright v. Oliver*, 510 U.S. 266, 316 (1994).

Thus, in order for Plaintiff to establish a violation of § 1983, two elements must be met: (1) a deprivation of rights, privileges or immunities secured by the Constitution and U.S. laws must have occurred, and (2) said deprivation was caused by a person acting under the color of the law. *Wideman*, 826 F.2d at 1032 (citing *Dollar v. Haralson Cnty.*, 704 F.2d 1540, 1542-43 (11th Cir. 1983)).

Moreover, although the Supreme Court has held that local government entities are "persons" within the scope of § 1983 and subject to its provisions, an entity cannot be vicariously liable for the constitutional wrongs of its employees. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). An entity is not liable under § 1983 "solely on the basis of the existence of an employer employee

relationship with a tortfeasor." *Monell,* 436 U.S. at 692; *see also Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc) (Court notes that "liability under § 1983 may not be based on the doctrine of respondeat superior."). "It is only when the execution of the government's policy or custom inflicts the injury that a municipality may be held liable." *McDowell*, 392 F.3d at 1289 (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

A governmental entity does not incur § 1983 liability for injuries caused solely by its employees. *Id*. Nor does the fact that a plaintiff has allegedly suffered a deprivation of federal rights at the hands of a governmental employee infer culpability for the governmental entity. *Id*. Here, other than conclusory boilerplate allegations of public criticism and alleged retaliation – which are insufficient to state a claim upon which relief may be granted – nowhere in Count II or the incorporated paragraphs does Plaintiff identify a specific policy, custom or practice sufficient to satisfy her pleading obligations to establish governmental entity liability.

To state a claim under *Monell*, Plaintiff must allege facts sufficient to raise an inference that there was "a widespread practice that, 'although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law[.]'" *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

13

Because the custom must be widespread and repeated, "random acts or isolated incidents are insufficient to establish a custom[.]" *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986); *see also Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 672 (11th Cir. 2016) ("To establish the existence of a custom, the plaintiff must show a longstanding and widespread practice.") (internal quotation marks omitted) (quoting *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011)). Thus, "[a] single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the municipality." *Craig*, 643 F.3d at 1311. Rather, "considerably more proof than [a] single incident [is] necessary." *City of Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985) (alterations added). This requirement of proof "prevents the imposition of liability based upon an isolated incident," *McDowell*, 392 F.3d at 1290, and "'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.'" *Id.* (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 403-04).

Here, glaringly absent from the Amended Complaint are any facts or allegations supporting a custom or practice regarding retaliation for protected speech. The Amended Complaint is devoid of any fact which would permit this Court to infer that the Sheriff's employees have engaged in retaliation for

14

protected speech even one time previously, let alone enough facts to permit an inference that such retaliation is so widespread throughout the institution to amount to an official custom or practice, thus requiring the dismissal of Count II.

## IV. Plaintiff fails to state a claim for denial of due process and fair trial (Count III)

Count III is subject to dismissal because this count does not contain any allegation whatsoever as to the purported actions of Deputy Miller, Deputy Jankowski, Deputy Williams, Deputy Tomlinson, Deputy Sellers, Deputy Gladding or Deputy Murphy. There is simply no way to tell why these Defendants were even named in Count III, a count that focuses exclusively on the actions of the State Attorney and the two county court judges during the criminal prosecution of Plaintiff. Even putting aside all of the problems from a legal perspective with any potential Section 1983 claim, Count III is thus subject to dismissal due to the lack of any allegations concerning the conduct of Deputy Miller, Deputy Jankowski, Deputy Williams, Deputy Tomlinson, Deputy Sellers, Deputy Gladding or Deputy Murphy.

## V. Plaintiff fails to state a claim for any violation of religious freedom (Count V)

Plaintiff's claim for the alleged violation of her religious freedom fails on multiple grounds. To begin with, Plaintiff has not identified any specific or even general religious belief which prohibits her from having a valid driver's

15

license or registration. To the contrary, Ms. Williams views herself as having a "constitutional" right to drive without a license or registration (Doc 11, ¶21), a deeply misguided legal or philosophical view rather than a religious belief.

Moreover, even assuming *arguendo* that Ms. Williams has a sincerely held religious belief which somehow prevents her from having a valid driver's license or registration, "[w]e have never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate." *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872, 878-79 (1989); *see also Church of the Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 531 (1993) ("In addressing the constitutional protection for free exercise of religion, our cases establish the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice.").[6] Even putting aside all of the other problems from a legal perspective with any potential Section 1983 claim for an alleged religious freedom violation, Count V is subject to dismissal as failing to state a valid claim for relief.

## VI.    Any failure to intervene claim is inapplicable (Count VI)

---

[6] The caption in Count V also refers to 42 U.S.C. § 2000bb, a provision of the the Religious Freedom Restoration Act of 1993 ("RFRA"). However, RFRA only applies to the actions of the federal government instead of any state or local governmental entities. *See City of Boerne v. Flores*, 521 U.S. 507 (1993).

Plaintiff next tries to assert yet another inapplicable claim, this time against Deputies Miller, Jankowski, Williams, Tomlinson, Sellers, Gladding, and Murphy for their purported "failure to intervene" regarding the alleged violation of Plaintiff's constitutional rights but this count does not provide a single detail regarding how any of the individual deputies were in a position to intervene to prevent the violation of a particular Constitutional provision but somehow failed to do so, much less allege the other elements of a viable Section 1983 claim.

"It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441–42 (11th Cir.1985). Accordingly, such liability only arises when the officer is in a position to intervene but fails to do so. *See Priester v. City of Riviera Beach, Fla.,* 208 F.3d 919, 924 (11th Cir. 2000); *see also Corbin v. Prummell*, 655 F. Supp. 3d 1143 (M.D. Fla. 2023) (Court dismissed failure to intervene claims arising from the detention and arrest of a passenger during a traffic stop where the detention / arrest occurred outside of the defendant officers' presence). Count VI is thus subject to dismissal due to the absence of any details

17

regarding the actions or inactions of each of the defendants as well as the other elements of a viable Section 1983 claim.

## CONCLUSION

WHEREFORE, the Union County Sheriff Defendants respectfully request that the Court enter an Order dismissing Counts I - III and V – VI of the Amended Complaint or, in the alternative, requiring a repleading of these counts in a Second Amended Complaint which complies with Rule 8.

## WORD LIMIT CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned hereby certifies that according to the internal Word counter, this motion contains fewer than 7,000 words. The font is Franklin Gothic Book 14.

Respectfully submitted, this 31st day of December 2025.

*/s/ Russell S. Kent*

 Zackery A. Scharlepp
(FBN 85374)
Russell S. Kent
(FBN 20257)
zscharlepp@coppinsmonroe.com
rkent@coppinsmonroe.com
bmiller@coppinsmonroe.com
cmarchena@coppinsmonroe.com

Coppins Monroe, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420

18

Attorneys for the Union County Sheriff
Defendants

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically, and service shall be through the Court's transmission facilities on all persons appearing before this Court.

I also certify that on Friday, January 2, 2026 a copy of same will be sent via U.S. Mail to Pro Se Plaintiff as follows:

Casey Faith Williams
530 SW 1st Street
Lake Butler, FL 32054

**/s/ Russell S. Kent**
ATTORNEY

19