UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASEY FAITH WILLIAMS,

     Plaintiff,

v.                                 Case No.: 3:25-cv-904-JEP-MCR

SHERIFF BRAD WHITEHEAD et
al.,

     Defendants.
_____/

## ORDER

**THIS CAUSE** is before this Court on Plaintiff's "Emergency Motion to Enjoin and Declare Unlawful Retaliatory Bench Warrants Issued Without Jurisdiction" (Doc. 26) and "Emergency Motion to Enjoin and Declare Unlawful a Retaliatory Gag Order Issued Without Jurisdiction" (Doc. 27). Upon review, both motions will be denied.

## I.

Plaintiff previously filed a "Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 13), seeking an injunction preventing "any further state court proceedings in Union County case no. 63-2025-MM-0006," prohibiting the enforcement of a "gag order," and protecting her from any arrest or detention by Defendants. (*Id.* at 7). This Court denied the motion, concluding that a temporary restraining order was

not warranted as Plaintiff's claims were likely precluded by *Younger* abstention and that a preliminary injunction was inappropriate as no notice had been provided to Defendants. (Doc. 17 at 1–5).

Plaintiff now seeks, again, injunctions declaring "the gag order unconstitutional and void," (Doc. 27 at 8), and preventing Defendants "from issuing or enforcing any arrest warrant arising from the unconstitutional gag order," (Doc. 26 at 10).

## II.

Temporary restraining orders and preliminary injunctions are "extraordinary and drastic" remedies that are "not to be granted unless the movant clearly carries the burden of persuasion." *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quotation omitted). To obtain one, the movant must demonstrate that "(a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001) (citation omitted).

While Plaintiff raises new arguments in the two motions, (*see generally* Docs. 26, 27), she seeks the same relief as her prior motion, (*see* Doc. 13 at 3–

-2-

4). And as this Court previously explained, the injunctions Plaintiff seeks run afoul of *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); (Doc. 17 at 2–5) (denying Plaintiff's motion for a temporary restraining order under *Younger*). Plaintiff challenges an ongoing state criminal proceeding, which "implicate[s] important state interests." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Boyd v. Georgia*, 512 F. App'x 915, 917–18 (11th Cir. 2013) (affirming the district court's abstention under *Younger* in a civil action related to a traffic offense that was undergoing state prosecution); (Doc. 26 at 4) (Plaintiff explains that she "is currently avoiding arrest, under [a] bench warrant").[1]

Plaintiff also fails to show that these "state proceedings do not provide an adequate remedy for [her] federal claims." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (citation omitted). Plaintiff asserts that she "reasonably fear[s] arrest if she appears in court to challenge the gag order," (Doc. 27 at 3), and that the current "bench warrants . . . arise directly and exclusively from [her] refusal to comply with [the] gag order," (Doc. 26 at 6). But Plaintiff's chance of success in state court is not relevant to *Younger* abstention, and she has not alleged at any point that she is "*procedurally*

---

[1] This Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

prevented from raising [her] constitutional claims in the state courts." *Pompey v. Broward County*, 95 F.3d 1543, 1551 (11th Cir. 1996) (citations omitted).

Indeed, Plaintiff does not raise any argument to overcome *Younger* abstention in this case, and cites only generally to *Ex parte Young*, 209 U.S. 123 (1908), for the proposition that a federal court may enjoin state officials acting under color of law. (Doc. 26 at 5; Doc. 27 at 4). But even if this Court has jurisdiction under *Ex parte Young*, *Younger* abstention precludes this Court from granting the relief Plaintiff seeks. *See Fairfield Cmty. Clean Up Crew, Inc. v. Hale*, No. 2:17-cv-00308-LSC, 2017 WL 4865545, at *11 (N.D. Ala. Oct. 27, 2017) ("While the Court does have subject matter jurisdiction under *Ex parte Young* to hear [Plaintiff's] allegations of Defendants' ongoing violations of federal law, it abstains from doing so under *Younger*." (emphasis omitted)), *aff'd sub nom.*, 735 F. App'x 602 (11th Cir. 2018).[2]

## III.

In light of the foregoing, it is **ORDERED** that Plaintiff's "Emergency Motion to Enjoin and Declare Unlawful Retaliatory Bench Warrants Issued Without Jurisdiction" (Doc. 26) and "Emergency Motion to Enjoin and Declare Unlawful a Retaliatory Gag Order Issued Without Jurisdiction" (Doc. 27) are

---

[2] Although district court orders are non-precedential, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

-5-

**DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida on May 8, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
*Pro Se* Party
Counsel of Record

-5-