UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASEY FAITH WILLIAMS,

Plaintiff,

v.                                                     Case No. 3:25-cv-904-JEP-MCR

SHERIFF BRAD WHITEHEAD, et al.,

Defendants.


PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER, NOTICE OF EXTRAORDINARY

CIRCUMSTANCES, MOTION FOR CLARIFICATION, MOTION FOR REASSIGNMENT

CONSIDERATION, AND MOTION FOR PROTECTIVE RELIEF


Plaintiff, Casey Faith Williams, sui juris, in propria persona (pro per), respectfully responds to

this Court's Show Cause Order and states:


I. INTRODUCTION

Plaintiff submits this response in good faith and in compliance with this Court's Order requiring

a response within fourteen (14) days.

Plaintiff respectfully notifies the Court that extraordinary circumstances have substantially impaired Plaintiff's ability to timely and adequately respond, including:

1. Plaintiff's recent incarceration and release approximately one month ago;

2. Plaintiff being forced to relocate from Union County due to ongoing retaliation, harassment, rights violations, and continuing injuries alleged in this action;

3. Severe limitations imposed upon self-represented litigants regarding filing procedures;

4. Mailing delays beyond Plaintiff's control;

5. Confusion regarding service concerns due to lack of specificity in the Court's Order.

The Court's Order was filed on May 8, 2026.

The mailing envelope was postmarked May 12, 2026.

Plaintiff did not physically receive the Order until approximately May 15, 2026.

Thus, Plaintiff effectively lost a substantial portion of the response period before receiving notice of the Court's Order.

Further compounding these circumstances, Plaintiff is now being forced to incur the burden and expense of overnight mailing this response in an attempt to comply with the Court's fourteen (14) day response deadline.

Plaintiff respectfully states this circumstance arose through no fault of Plaintiff. Plaintiff did not receive actual notice until a substantial portion of the response period had already elapsed.

As a self-represented litigant lacking access to electronic filing privileges routinely available to licensed attorneys, Plaintiff has no ability to instantly receive notice or electronically submit

filings. Instead, Plaintiff remains entirely dependent upon physical mail delivery and delays outside Plaintiff's control.

Plaintiff respectfully submits that requiring overnight mailing under these circumstances merely to attempt compliance with a shortened remaining response period creates substantial prejudice and imposes an extraordinary burden upon self-represented litigants attempting in good faith to comply with Court orders.

Additionally, Plaintiff has recently been released from approximately three months of incarceration which Plaintiff contends was unlawful and accompanied by severe trauma, medical neglect, unsanitary living conditions, and substantial physical and emotional hardship.

Plaintiff respectfully states that the conditions of confinement severely impacted Plaintiff's physical and mental health, including significant deterioration of Plaintiff's immune system due to inadequate medical care, unsanitary conditions, extreme stress, and lack of proper nutrients and treatment while incarcerated.

Plaintiff further states that the trauma associated with incarceration did not simply end upon release. Rather, Plaintiff has been forced to simultaneously recover physically and emotionally, relocate outside Union County due to ongoing concerns alleged throughout this and previous action, and attempt to immediately resume complex federal litigation under extreme time pressure.

Plaintiff respectfully submits that it is extraordinarily difficult for an individual emerging from prolonged incarceration and alleged medical neglect to instantly return to full litigation capacity immediately upon release.

3

Under these circumstances, Plaintiff respectfully states that the fourteen (14) day response period, particularly after delayed receipt of the Court's Order, imposed substantial hardship and prejudice upon Plaintiff's ability to fairly and adequately respond.

Plaintiff respectfully asks the Court to consider these extraordinary circumstances.

## II. SERVICE WAS COMPLETED AND PROOF WAS FILED

Plaintiff respectfully states that all Defendants for whom summonses were issued were served by non-party process servers.

Proof of service and supporting documentation were filed with this Court immediately upon completion of service.

Plaintiff acted diligently and in good faith to comply with all service requirements.

However, the Court's Order did not identify which specific Defendant or Defendants the Court believes were not properly served.

Nor did the Court identify the specific defect alleged.

Plaintiff has therefore been left to speculate regarding:

A. which Defendant allegedly was not served;

B. whether the issue concerns service itself;

C. proof of service;

4

5

D. summons procedure;

E. timing;

F. another procedural concern.

Without identifying the alleged defect, Plaintiff cannot meaningfully cure a deficiency that has not been disclosed.

Plaintiff therefore respectfully requests clarification identifying:

A. the specific Defendant(s);

B. the exact alleged deficiency;

C. what action is necessary to cure it.

## III. PREJUDICE TO SELF-REPRESENTED LITIGANTS

Plaintiff respectfully submits that self-represented litigants face substantial procedural disadvantages.

Licensed attorneys routinely receive:

• immediate electronic filing access;

• immediate notices;

• expedited communication;

5

• electronic service capabilities.

By contrast, Plaintiff remains entirely dependent upon physical mail delivery.

Mail delays remain entirely outside Plaintiff's control.

Emergency matters involving constitutional rights and requests for urgent intervention become extraordinarily difficult under these circumstances.

Plaintiff respectfully submits that procedural barriers should not effectively deprive self-represented litigants of meaningful access to judicial review.

## IV. EXTRAORDINARY CIRCUMSTANCES AND CONCERNS REGARDING EMERGENCY INTERVENTION

Plaintiff's prior motions sought emergency intervention concerning:

1. Enforcement of an unconstitutional gag order lacking lawful reason;

2. Retaliatory warrants;

3. Continuing constitutional injuries;

4. Ongoing harms alleged throughout this action.

Plaintiff respectfully recognizes that federal courts apply abstention doctrines and procedural standards when evaluating requests for intervention into ongoing state proceedings.

However, Plaintiff respectfully expresses concern that repeated denials of emergency intervention, combined with continuing alleged constitutional injuries, unresolved procedural

6

issues, and cumulative prejudice to Plaintiff as a self-represented litigant, have created the appearance that Plaintiff's claims are not receiving neutral consideration.

Plaintiff understands that adverse rulings alone do not establish judicial bias.

Nevertheless, Plaintiff respectfully states that the cumulative circumstances, including repeated emergency denials, lack of specificity regarding alleged service deficiencies, ongoing alleged constitutional injuries, procedural barriers, delayed notice, and Plaintiff's inability to obtain meaningful emergency review despite extraordinary allegations, have caused Plaintiff to lose confidence in receiving impartial review.

Plaintiff raises these concerns respectfully and in good faith.

## V. MOTION FOR REASSIGNMENT OR RECUSAL CONSIDERATION

Plaintiff respectfully requests consideration of reassignment or review concerning whether reassignment may better preserve public confidence in impartiality and neutral review.

Plaintiff does not make this request lightly.

Plaintiff respectfully references 28 U.S.C. §455(a), which provides for disqualification where a judge's impartiality might reasonably be questioned.

Plaintiff raises this issue not as a personal accusation against the Court, but based upon the cumulative appearance concerns discussed above and Plaintiff's loss of confidence in receiving neutral consideration under the extraordinary circumstances alleged throughout this action.

7

Plaintiff respectfully requests that the Court consider whether reassignment may better preserve the appearance of fairness and impartiality moving forward.

## VI. MOTION FOR TEMPORARY WAIVER OR DELAY OF SERVICE OF THIS RESPONSE DUE TO RETALIATION CONCERNS

Plaintiff respectfully requests temporary waiver, delayed service, or leave of Court regarding service of this response upon Defendants until the Court resolves the issues raised herein.

Plaintiff makes this request because extraordinary circumstances presently exist, including ongoing alleged retaliation, prior incarceration, forced relocation from Union County, continuing concerns regarding safety, and concern that immediate disclosure of filings may further escalate retaliatory conduct.

Plaintiff respectfully submits that federal courts possess authority to manage proceedings and issue protective measures necessary to preserve fairness and prevent prejudice.

Plaintiff references:

Rule 26(c), Federal Rules of Civil Procedure;

28 U.S.C. §1651(a), All Writs Act;

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950);

Dietz v. Bouldin, 579 U.S. 40 (2016).

8

Plaintiff respectfully states this request is not made to conceal information or delay proceedings, but to prevent further prejudice while unresolved matters remain before the Court.

Alternatively, Plaintiff requests clarification concerning service obligations and additional time if service is required.

## VII. REQUESTED RELIEF

WHEREFORE Plaintiff respectfully requests:

1. Acceptance of this response as timely due to delayed receipt, incarceration, relocation, and extraordinary circumstances;

2. Clarification identifying which Defendant(s) allegedly were not properly served;

3. Identification of the exact alleged service defect;

4. Additional time to cure any defect after clarification;

5. Consideration of barriers imposed upon self-represented litigants lacking electronic filing access;

6. Consideration of reassignment or review regarding impartiality concerns;

7. Any further relief deemed just and proper;

8. Temporary waiver, delayed service, or protective relief concerning service of this filing due to ongoing retaliation concerns;

9. Alternatively, additional time to complete any required service obligations after clarification from the Court.

9

Respectfully submitted,

Casey Faith Williams

Plaintiff, Sui Juris Pro Per

530 SW 1st St

Lake Butler, Florida 32054

352-538-8581

Tat2L80.fw@gmail.com

Jesus.junkie4life@yahoo.com

Date: May 27, 2026

CERTIFICATE OF SERVICE

Plaintiff respectfully requests temporary delayed service or protective relief as requested above. If directed by the Court, Plaintiff will promptly complete any service requirements ordered by this Court.

Respectfully submitted,

Casey Faith Williams

10

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS10001000

FOR DOMESTIC A
PLACE MA

- ■ Guaranteed delive
- ■ Guaranteed delive
- ■ USPS Tracking® s
  and many interna
- ■ Pick up available.
- ■ Domestic shipme
  (restrictions apply
- ■ Signature include

\* Money Back Guarantee t
select International destir
See DMM and IMM at *pe.*

\*\* Insurance does not cover
claims exclusions see the
*http://pe.usps.com.*

✝ Money Back Guarantee f

WHEN USED INTERNATIONALLY, A


how2recycle.info
PAPER
POUCH

EP13E October 2023

This package is made from post-consumer waste. **Please recycle - again.**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.



## UNITED STATES POSTAL SERVICE.

*Retail*

E

US POSTAGE PAID

**$40.30**

Origin: 32666
05/28/26
1158200884-20

### PRIORITY MAIL EXPRESS®

FAITH WILLIAMS
139 COUNTRY LIVING CIR
MELROSE FL 32666-4002

0 Lb 3.30 Oz

RDC 07

SIGNATURE REQUIRED
RETURN RECEIPT REQUESTED

SCHEDULED DELIVERY DAY: 05/30/26 06:00 PM

C008

SHIP
TO:



US DISTRICT COURT
BRYAN SIMPSON UNITED STATES COURT
300 N HOGAN ST
JACKSONVILLE FL 32202-4204

USPS SIGNATURE® TRACKING #



9571 1104 3087 6148 8309 58



ES
ICE.






