UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION


CASEY FAITH WILLIAMS,

Plaintiff,

v.

SHERIFF BRAD WHITEHEAD, et al.,

Defendants.


Case No. 3:25-cv-904-JEP-MCR


**PLAINTIFF'S RESPONSE TO THE COURT'S JUNE 16, 2026 ORDER TO**

**SHOW CAUSE REGARDING THE JOINT CASE MANAGEMENT**

**REPORT**

1

COMES NOW Plaintiff, Casey Faith Williams, Sui Juris, in propria persona (Pro Per), and respectfully submits this Response to the Court's June 16, 2026 Order to Show Cause.

Plaintiff respectfully submits that good cause exists why this action should not be dismissed for failure to file a Joint Case Management Report.

**I. Plaintiff's Incarceration Substantially Prohibited Her Ability to Participate in Case Management.**

1. Plaintiff was incarcerated from approximately January 19, 2026, until April 7, 2026, during a critical period of this litigation.

2. During that period, Plaintiff had no access to legal materials, court filings, legal research, communications, and the ability to confer with opposing counsel regarding scheduling or preparation of a Joint Case Management Report.

3. Plaintiff's incarceration substantially impaired Plaintiff's ability to participate in the normal litigation process.

**II. Plaintiff Believed a Joint Case Management Report Could Not Yet Be Prepared.**

2

4. At the time the Joint Case Management Report would have become due, Plaintiff understood that counsel had appeared on behalf of Sheriff Brad Whitehead and the deputy Defendants.

5. However, Plaintiff also understood that several other Defendants had not filed an answer, motion, notice of appearance, or any other responsive pleading after service of process.

6. Those Defendants include Mitchell D. Bishop, George Wright, Bruce Helling, Union County, and Linda L. James. Plaintiff had received no answer, motion, notice of appearance, or other responsive pleading from those Defendants and received no communication indicating that they had otherwise participated in this litigation. Plaintiff therefore believed that a Joint Case Management Report could not yet be meaningfully completed because those Defendants had not participated in the action.

7. Plaintiff did not receive any communication from appearing defense counsel requesting that Plaintiff participate in preparing a Joint Case Management Report or proposing deadlines for doing so.

8. Under these circumstances, Plaintiff believed that a Joint Case Management Report could not yet be meaningfully completed because multiple Defendants had not appeared or otherwise participated in the litigation.

### III. Plaintiff Has Continued to Diligently Prosecute This Action.

9.  Plaintiff has not abandoned this case.

10.  Plaintiff timely responded to Court orders to the best of Plaintiff's ability under the circumstances.

11.  Plaintiff completed service of process through process servers, pursued the litigation following release from incarceration, and has continued filing appropriate pleadings and motions.

12.  Plaintiff's failure to file the Joint Case Management Report was not a willful disregard of this Court's Rules or Orders, but resulted from the circumstances described above.

### IV. Good Cause Exists Why This Case Should Not Be Dismissed.

13.  Plaintiff respectfully submits that dismissal would be an unnecessarily harsh sanction under these circumstances.

14.  Plaintiff respectfully requests that the Court discharge the Order to Show Cause and permit Plaintiff a reasonable opportunity to confer with appearing counsel and file any Joint Case Management Report required by the Court.

4

15. Plaintiff stands ready to comply with any scheduling instructions or deadlines the Court establishes regarding the Joint Case Management Report.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Find that Plaintiff has shown good cause why this action should not be dismissed;

B. Discharge the June 16, 2026 Order to Show Cause;

C. Allow Plaintiff a reasonable opportunity to confer with appearing counsel and file any required Joint Case Management Report; and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Casey Faith Williams

Sui Juris, in propria persona (Pro Per)

Plaintiff

5

Date: June 29, 2026

**CERTIFICATE OF SERVICE**

Plaintiff respectfully states that this Court has previously been advised, through prior motions and filings, that requiring Plaintiff to personally serve copies of filings upon Defendants presents a substantial risk of retaliation due to the nature of this litigation, the identities of the Defendants, Plaintiff's prior incarceration, and the allegations asserted in this action.

Plaintiff has previously requested that the Court permit filing through the Court's CM/ECF system, together with service by the Clerk or the Court's electronic filing system upon any appearing parties, and that Plaintiff be excused from personally serving Defendants because of these documented retaliation concerns.

To the extent any Defendant has appeared through counsel and receives electronic service through the Court's CM/ECF system, Plaintiff respectfully relies upon that method of service. To the extent any Defendant has not appeared, Plaintiff respectfully renews Plaintiff's request to be excused from any requirement of personally serving such Defendant with this filing because doing so would

6

unnecessarily expose Plaintiff to the same substantial retaliation risks previously presented to this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of June, 2026.

/S/ Casey Faith Williams

Sui Juris, in propria persona (Pro Per)

7