UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASEY FAITH WILLIAMS,

Plaintiff,

v.

SHERIFF BRAD WHITEHEAD, et al.,

Defendants.

Case No. 3:25-cv-00904-JEP-MCR

**PLAINTIFF'S MOTION TO RECUSE AND DISQUALIFY THE PRESIDING DISTRICT JUDGE**

1

COMES NOW Plaintiff, Casey Faith Williams, Sui Juris, in propria persona (Pro Per), and respectfully moves this Court for an Order recusing and disqualifying the presiding District Judge from any further participation in this matter. This Motion is brought pursuant to 28 U.S.C. §§ 144 and 455, and any other applicable authority, on the grounds that the circumstances of this case would cause a reasonable person to question the Court's impartiality and because Plaintiff believes the Court's handling of Plaintiff's emergency motions has created an appearance of partiality. In support, Plaintiff states as follows:

## I. INTRODUCTION

1. This civil rights action was filed to prevent continuing constitutional violations and to obtain emergency relief from ongoing retaliation occurring in Plaintiff's related state criminal proceedings.

2. One of the named Defendants in this action is Union County Judge Mitchell D. Bishop. Plaintiff alleges that shortly after this federal lawsuit was filed, Judge Bishop received a courtesy copy of Plaintiff's Complaint. Although formal service had not yet occurred, Plaintiff contends that Judge Bishop became aware of the federal action.

2

3. Plaintiff further alleges that shortly thereafter Judge Bishop imposed the challenged gag order that forms a substantial part of Plaintiff's claims in this action. Plaintiff contends that the timing of the gag order, after receiving notice of this federal lawsuit, demonstrates retaliation for Plaintiff's exercise of the constitutional right to petition the courts.

4. Plaintiff filed multiple emergency motions requesting immediate intervention, including requests to enjoin enforcement of the challenged gag order, prevent enforcement of what Plaintiff contends was a retaliatory and unlawful arrest warrant, and prevent irreparable constitutional and physical harm while this federal action remained pending.

## II. PROCEDURAL HISTORY

5. Plaintiff repeatedly advised this Court that immediate federal intervention was necessary because Plaintiff believed the challenged state court proceedings were being used to retaliate against Plaintiff for filing this federal civil rights action and for exercising Plaintiff's constitutional rights.

6. Plaintiff specifically warned this Court that enforcement of the challenged gag order and the anticipated arrest warrant would likely result in Plaintiff's incarceration before the federal claims could be heard on their merits.

3

7. Plaintiff further advised this Court through Plaintiff's emergency filings that incarceration posed extraordinary medical risks because of Plaintiff's previously disclosed medical conditions and need for accommodations. Plaintiff warned that incarceration would likely result in irreparable physical harm in addition to irreparable constitutional injury.

8. The Court denied Plaintiff's request for emergency injunctive relief and did not grant the requested relief preventing enforcement of the challenged state court orders.

9. Plaintiff was subsequently arrested, incarcerated, and remained incarcerated from approximately January 19, 2026, until April 7, 2026.

10. During Plaintiff's incarceration, Plaintiff's ability to prosecute this civil action, respond to court orders, conduct legal research, communicate with the Court, and participate in litigation was substantially impaired.

11. Plaintiff further alleges that Plaintiff suffered significant physical and medical harm during incarceration, including harm that Plaintiff contends had been specifically identified and warned of in Plaintiff's emergency filings before incarceration occurred. Plaintiff believes the irreparable harm previously presented to this Court became a reality after emergency relief was denied.

## III. GROUNDS FOR RECUSAL

12. Plaintiff respectfully submits that the Court's handling of Plaintiff's emergency requests has caused Plaintiff to reasonably question the Court's impartiality.

13. Plaintiff believes that the allegations presented in the emergency motions demonstrated a substantial risk of immediate and irreparable constitutional and physical injury, yet no relief was granted to preserve the status quo while those issues could be fully litigated.

14. Plaintiff further believes that the failure to prevent enforcement of the challenged gag order and the resulting incarceration permitted the alleged retaliation to continue, allowed the anticipated irreparable harm to occur, and substantially impaired Plaintiff's ability to prosecute this federal action.

15. Plaintiff believes that Defendant Judge Mitchell D. Bishop, who is a named Defendant in this action, continued to exercise authority over Plaintiff's criminal proceedings after receiving notice of this federal lawsuit and subsequently entered the challenged gag order that forms part of Plaintiff's federal claims. Plaintiff contends that emergency intervention was necessary to prevent the continuation of those alleged constitutional violations until this Court could determine the merits of Plaintiff's claims.

5

16. Plaintiff respectfully submits that the combination of Defendant Judge Bishop's alleged retaliatory actions, Plaintiff's repeated warnings of imminent constitutional and physical harm, the denial of emergency relief, Plaintiff's subsequent incarceration, and the medical injuries Plaintiff alleges were suffered during incarceration have caused Plaintiff to reasonably question whether Plaintiff's emergency requests received meaningful consideration before the alleged irreparable harm occurred.

17. Plaintiff recognizes that disagreement with judicial rulings, standing alone, is generally insufficient to require recusal. Plaintiff's request is instead based upon the totality of the procedural history, the sequence of events described above, and Plaintiff's belief that these circumstances create an appearance that Plaintiff's emergency requests were not impartially considered before the alleged harm occurred.

18. Plaintiff respectfully submits that reassignment of this matter to a different District Judge is necessary to preserve public confidence in the fairness and impartiality of these proceedings.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

6

A. Grant this Motion to Recuse and Disqualify;

B. Order that this action be reassigned to a different United States District Judge;

C. Stay further substantive proceedings pending determination of this Motion, if appropriate; and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


Casey Faith Williams

Sui Juris, in propria persona (Pro Per)

Plaintiff


**CERTIFICATE OF SERVICE**

Plaintiff respectfully states that this Court has previously been advised, through prior motions and filings, that requiring Plaintiff to personally serve copies of filings upon Defendants presents a substantial risk of retaliation due to the nature of this litigation, the identities of the Defendants, Plaintiff's prior incarceration, and the allegations asserted in this action.

7

Plaintiff has previously requested that the Court permit filing through the Court's CM/ECF system, together with service by the Clerk or the Court's electronic filing system upon any appearing parties, and that Plaintiff be excused from personally serving Defendants because of these documented retaliation concerns.

To the extent any Defendant has appeared through counsel and receives electronic service through the Court's CM/ECF system, Plaintiff respectfully relies upon that method of service. To the extent any Defendant has not appeared, Plaintiff respectfully renews Plaintiff's request to be excused from any requirement of personally serving such Defendant with this filing because doing so would unnecessarily expose Plaintiff to the same substantial retaliation risks previously presented to this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of June, 2026.


Casey Faith Williams

Sui Juris, in propria persona (Pro Per)

8